WHITTAKER, Appellant, v. ST. LUKE'S HOSPITAL, Respondent.

St. Louis Court of Appeals, December 29, 1908.

DAMAGES: Charitable Institutions: Negligence. A charitable institution, such as a hospital, is not liable to an employee for injuries received by the employee through the negligence of the managers of the institution.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields*, Judge.

AFFIRMED.

*Wm. H.* and *Davis Biggs* for appellant.

The plaintiff being an employee of the defendant and in no way a beneficiary of its trust fund, the defendant corporation, though a charitable one, was liable to the plaintiff like any one else for its negligence. Adams v. Hospital, 99 S. W. 454, 122 Mo. App. 679; Bruce v. Methodist Church, 147 Mich. 250; Powers v. Hospital, 47 C. C. A. 122, 65 L. R. A. 372.

*F. J. McMaster* for respondent.

Charitable institutions are not liable for injuries resulting from negligence or tortious acts of its officers or servants. They cannot be made subject to assaults of damage claimants when such claimants have a pri-

mary right to hold to the strictest accountability the individuals who have done him the injury. That by denying him the right to impoverish the trust fund he is not denied a remedy against the actual wrongdoer. Adams v. University Hospital, 122 Mo. App. 675; Hearns v. Waterbury Hospital, 66 Conn. 98; McDonald v. Mass. Gen. Hospital, 120 Mass. 432; Railroad v. Artist, 23 L. R. A. 581; Downs v. Harper Hospital, 101 Mich 555; Haas v. Missionary Society, 6 Misc. 281, 26 N. Y. Sup. 868; Williamson v. Louisville Industrial School, 95 Ky. 251; Maia v. Eastern State Hospital, 97 Va. 507; Perry v. House of Refuge, 63 Md. 20; Parks v. University, 218 Ill. 381; Abston v. Academy, 102 S. W. 351. Also the following cases where claimants were not patients: Farrigan v. Pevar, 193 Mass. 147; Benton v. Hospital, 140 Mass. 13; Fire Patrol v. Boyd, 120 Pa. St. 624; Fordyce v. Ass'n, 79 Ark. 550; Herriots Hospital v. Ross, 12 Clark & F. 507.

GOODE, J.—This action was instituted against the respondent, a hospital in the city of St. Louis, to recover damages for an injury suffered by appellant, while an employee in the institution in working with an ironing machine or mangel, which was operated by steam power. It is alleged the machine was out of order in that a guard designed to prevent the operator of the machine from getting a hand caught between two revolving cylinders, was not in its proper place and did not protect the operator, and, further, because the lever designed to stop the machine when in motion was out of repair and would not work. It is alleged further these conditions were known to respondent, or could have been known to it by the exercise of reasonable care, and in consequence of them appellant, while working with the machine, got her hand caught between the two cylinders and badly injured. We need not state facts more fully. The appeal comes here from an order overruling a motion filed by appellant to strike out portions of the answer, which,

in effect, set up the defense that respondent is a charity and not answerable in damages for injuries caused by the negligence of its trustees or servants. Appellant's brief says: "The sole question on this appeal is whether a charitable institution is liable for its torts to an injured employee." This concession relieves us of the duty to inquire whether or not respondent is a charity, though we apprehend there would be no difficulty in holding it is on the facts stated in the answer. After reading numerous decisions on the question thus propounded by appellant, we conclude that according to the weight of authority, respondent ought not to be held liable. The question is one on which the courts have been fertile in drawing subtle distinctions, many of them irrelevant to the point for decision, or, at least, leading to no principle by which the diverse conclusions reached, can be reconciled. It is conceded by appellant's counsel that if she had been hurt while receiving the benefit of the charity as a patient in the institution, respondent would not be liable; but as she was a servant, it is asserted a different rule should obtain, and the corporation should be made to respond for the negligence of its officers or servants in permitting the machine with which she worked to be out of repair. A precedent for this contention is Bruce v. Church, 147 Mich. 246, a case weakened as authority by the difference of opinion among the judges regarding the ground of liability, and not easy to reconcile with prior decisions of the same court. The adjudications of the question have been exhaustively reviewed in most of the opinions dealing with it, and it would serve no useful purpose for us to go over them again. They will be cited, however, for the convenience of the reader. In some instances charitable institutions have been exonerated from liability for the negligence of their officers, trustees and servants, because they were agencies of the government, and in other instances because their funds were donated for use, in ways of charity, by individuals, and to take them

to pay damages would be a diversion of the trust. Of the former class of cases we cite: Williamson v. Industrial School, 95 Ky. 251; Benton v. Hospital, 140 Mass. 13; Murtaugh v. St. Louis, 44 Mo. 479; Maia v. Eastern State Hospital, 97 Va. 507; Fire Ins. Patrol v. Boyd, 120 Pa. St. 624. It will be seen on reading the opinions in cases where the defendants were instrumentalities of the government, that the principle on which they were held not liable was, at bottom, much the same as the principle on which private charitable institutions in some of the best considered cases, were exonerated; *i. e.,* that their funds, whether donated by the government or by individuals, were intended to be dispensed for the general good in designatéd charitable ways. Hence, though some opinions incline against holding private charities exempt from liability for damages, and attempt to draw a distinction between them and institutions which are made by law public instrumentalities, it is doubtful if this distinction is sound. In Murtaugh v. St. Louis, which was an action brought for injuries suffered by the plaintiff from the negligence of the officials and servants of a municipal hospital, the Supreme Court said the general result of the adjudications seemed to be, that where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation for its private benefit, and injury ensues from his negligence or misfeasance, the corporation is liable, as in the case of private corporations or parties; "but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for the consequences of such acts or omissions on the part of its officers and servants." It is evident from the quoted passage the Supreme Court considered the exemption of a public charity from liability for the negligence of its officials and employees, rested on the fact that its corporate franchise and the

funds which kept it alive, were conferred on the corporation by the sovereignty for the public welfare and ought not to be diverted to pay claims for damages. That is like the principle on which institutions of a charitable character privately endowed ought to be exempted; and in several authoritative decisions were, though different reasons have been assigned by other courts. Two rules of law, both founded on motives of public policy, come into conflict here; the rule of *respondeat superior* (or if not technically that, one akin to it) and the rule exempting charitable funds from executions for damages on account of the misconduct of trustees and servants. As both rules rest on the same foundation of public policy, the question is whether, on the facts in hand, the public interest will best be subserved by applying the doctrine of *respondeat superior* to the charity, or the doctrine of immunity; and we decided this cause for respondent because, in our opinion, it will be more useful on the whole not to allow charitable funds to be diverted to pay damages in such a case; and, moreover, the weight of authority is in favor of this view, as expressed not only in cases where the parties seeking damages were patients in the institution, but where they were not. We will go no further than the facts before us require, and do not say instances of negligence of officials and servants could not arise (*e. g.*, in the public streets: Kellogg v. Church Foundation, 112 N. Y. Supp. 566) in which it would be proper to make a charitable corporation responsible. We think the better rule of decision in the present case is that the respondent is not liable. Some of the cases cited *infra* were brought by parties other than patients in hospitals, or persons who were receiving charity when injured, and the corporation was exonerated. [The Feoffees of Heriot's Hospital v. Ross, 12 Clark & F. 507; Benton v. Hospital, 140 Mass. 13; Farrigan v. Pevar, 139 Mass. 147; Fordyce v. International Library Assn., 79 Ark. 550; Downs v. Hospital, 101 Mich. 555; Williamson v. Industrial

School, 95 Ky. 251; Haas v. Missionary Society, 26 N. Y. Supp. 868; Perry v. House of Refuge, 63 Md. 20; Alston v. Waldon Academy, 102 S. W. (Tenn.) 351; Adams v. Hospital, 66 Conn. 98; Parks v. Norwestern University, 218 Ill. 381.]

The judgment is affirmed. All concur.