W. A. TAYLOR, Appellant, v. INTEGRITY MUTUAL CASUALTY COMPANY, Respondent.*

In the Kansas City Court of Appeals, April 7, 1924.

1. **TORTS: Law of State Where Injury Occurs Determines Whether Cause of Action Exists on Account Thereof.** The laws of the State where the injury occurred determine whether or not a cause of action exists on account of such injury.

2. **ATTORNEY AND CLIENT: Lien: Where Attorney Contracted to Bring Suit Which was not Authorized by Law, Held not to Have Acquired a Lien for His Services under the Contract.** Where an attorney entered into contract with employee injured in another State, to bring a suit at common law against his employer for damages by reason thereof, which action resulted in judgment for defendant, after which employee filed a claim under Workmen's Compensation Act of such State and received settlement in form of lump sum, *held* that since employee and employer were deemed to have accepted terms of Compensation Act of such State by failure

to exclude themselves from operation thereof, there was no cause of action at common law upon which employee could sue in this State, and hence his attorney did not acquire a lien for his services under the contract.

3. **PLEADING**: Petition Filed by Attorney to Recover for Services Rendered Held to State Two Causes of Action. Where attorney filed petition against client for services, based upon a contract of employment, and also against a casualty company not based upon contract but upon his alleged lien upon any rights client had, held to state two causes of action.

---

*Headnotes 1. Conflict of Laws, 12 C. J., section 35; 2. Attorney and Client, 6 C. J., section 386; 3. Actions, 1 C. J., section 205.

Appeal from Circuit Court of Buchanan County.—*Hon. Thos. B. Allen,* Judge.

Affirmed.

*W. A. Taylor* and *James Fairweather* for appellant.

*W. E. Stringfellow* and *Samuel A. Harper* for respondent.

ARNOLD, J.—This action is based upon an alleged lien growing out of a written contract for attorney's fee. Plaintiff is an attorney of St. Joseph, Mo., and defendant is a corporation engaged in the business of writing indemnity insurance. The contract reads as follows:

"St. Joseph, Mo., January 26th, 1921.

"I hereby employ W. A. Taylor as my attorney to represent all my interests in and about claim for damages on account of personal injuries received while in the employ of C. H. Atkinson Paving Company at Vermillion, South Dakota, on July 19, 1920; said claim for damages being made by me against the C. H. Atkinson Paving Company and Integrity Mutual Casualty Company.

"I authorize said Taylor to settle said matter, either before or after suit brought, when in his judgment a

reasonable settlement of same should be offered, if any; also to receive and receipt for any money paid in settlement of my said claim, and agree to follow said Taylor's advice and direction in prosecuting said claim for damages in all particulars in and about said matter. Suit to be brought at Kansas City, Mo., if no settlement is had without suit. For said services I hereby agree to pay, and for said Taylor to have and retain one-half of any amount recovered in said matter, whether as a result of suit or settlement before or after suit is brought or while suit is pending.

JAMES R. FISHER,
W. A. TAYLOR.''

A copy of said contract was served upon the accredited agent of the defendant company at Kansas City on January 31, 1921.

The purported claim upon which the contract was based grew out of the following facts: One James R. Fisher, a laborer in the employ of the C. H. Atkinson Paving Company of Vermillion, S. Dak., was injured while at work in that State, and a claim for damages thereby accrued against the said paving company. At that time said paving company held an indemnity policy protecting it generally against claims for damage from injuries to its workmen, as required by the Workmen's Compensation Law of South Dakota, Revised Code 1919, section 9439. Section 9438 of said Act provides that unless any employer or employee shall give notice of exemption from the operation of said law, as therein provided, they shall be deemed to have accepted the provisions of said law, and to be operating thereunder. Neither the Paving Company nor its employee Fisher had declared such exemption. After the injury occurred, Fisher took up the matter of settlement with his employer and entered into an agreement with the Paving Company and defendant herein to settle the claim under the provisions of the Compensation Law.

On September 14, 1920, a memorandum agreement was signed by the parties, as required by the Act, and

filed with the Industrial Commissioner of South Dakota. By this agreement, Fisher was to receive $2 per day indefinitely, from the Insurance Company, until the limit allowed by law, not to exceed six years. [Par. 8, sec. 9459, Rev. Code So. Dak. 1919.] In accordance with said election by Fisher, the defendant company sent him checks for $12 for periods of two weeks. compensation, under the provisions of the Act, for which Fisher signed receipts until January 17, 1921.·

The testimony shows that Fisher had removed to St. Joseph, Mo., and that the said compensation checks mailed from So. Dak. reached Fisher from three to five days after the end of the two weeks period covered by the check; that around the holiday period 1920-21, the defendant company was somewhat slower in forwarding the remittances, so that the check for the two weeks ending December 18, 1920, did not reach Fisher until the 24th of said month, and the one covering the two weeks ending January 1, 1921, did not reach him until January 15th. Apparently displeased with this delay, on January 17, 1921, Fisher wrote defendant company that the check received by him January 15th should have been for $36 instead of $24, and refused to accept it. Thereupon the contract between plaintiff and Fisher was executed, whereby the former was employed to bring a suit at common law for damages against defendant in Kansas City, Mo.

Suit was duly instituted by Taylor and resulted in a judgment for defendant after three demurrers to the petition had been sustained. An appeal was proposed by Taylor, but was never perfected. Later, Fisher employed a firm of attorneys in Kansas City, Mo., who filed a claim before the industrial commissioner of South Dakota for a consummation of Fisher's agreement to settle under the Compensation Law in the form of a lump sum, in lieu of indefinite further weekly payments. The lump sum of $1750 was agreed upon between Fisher and defendant, with the approval of the Industrial Com-

missioner, said amount was paid to Fisher, and the Paving Company was released from further payment. Thereupon plaintiff was informed of the said final settlement and was advised to file with the Industrial Commissioner any claim he might have for legal services under the said Act, section 9477, Revised Code South Dak., 1919, which provides:

. "Fees subject to approval. The fees of attorneys and physicians for service under this article shall be subject to the approval of the Industrial Commissioner."

· Plaintiff did not file his claim with the Commissioner, preferring to stand upon his supposed rights under the contract. Such payment was refused by defendant company and this suit followed in the circuit court of Buchanan county. The cause was tried to the court without the aid of a jury, and resulted in favor of defendant upon the findings of law and fact. From the judgment entered therein plaintiff appeals.

Plaintiff bases his right to recover upon his alleged rights under the contract of employment with Fisher, and claims a lien upon any funds defendant Paving Company owed to Fisher. The action was defended upon the grounds that Fisher, having elected to take under the Compensation Law of South Dak., had no right of action for damages under the common law; having no such claim, Fisher's contract with plaintiff conveyed no rights whatever, since the settlement with Fisher was made under the Compensation Law.

The court made the following findings of fact:

1. "That the injury referred to in this case was sustained in South Dakota on July 19, 1920.

2. "That the law of South Dakota provides that the rights and remedies of an employee for injury sustained in the course of his employment are exclusively confined to those granted by the Workmen's Compensation Law of that State; that said law provides that every employee shall be presumed to have accepted the provisions of said Compensation Law and shall be bound there-

by unless he shall have given notice in writing to his employer exempting himself from the provisions of such law and filed a copy of such notice with the Industrial Commissioner.

3. "That James R. Fisher had given no such exemption notice to his employer and had filed no such exemption notice with the industrial commissioner, and that shortly after sustaining the injury referred to in the evidence he formally, in accordance with the provisions of said compensation law, accepted the provisions of that law.

4. "That upon and because of said acceptance said Fisher was allowed $2 per day as compensation and received such allowance for a number of months, as shown by receipts for fourteen payments.

5. "That plaintiff and said Fisher made a contract whereby Fisher employed the plaintiff to prosecute a common law action at Kansas City, Missouri, on account of the injury sustained and that said contract was duly served on defendant as the basis of plaintiff's lien as attorney for plaintiff."

Under these findings of fact, the court concluded that no common law cause of action existed in Fisher for which damages could be recovered; that the settlement with Fisher was made under the provisions of the South Dakota Workmen's Compensation Law, and that the plaintiff acquired no lien for attorney fees on account of anything due Fisher under the said Compensation Law.

Motions for new trial and in arrest were unsuccessful and this appeal was perfected. The first point now raised is that the trial court erred in holding that Fisher had no cause of action for damages under the common law and that plaintiff, therefore, acquired no attorney's lien under his contract with Fisher.

We hold there is no merit in this contention. The rule is well settled in this State that the laws of the State where the injury occurred determine whether or not a cause of action exists on account of such injury.

Section 1162, Revised Statutes of Missouri, 1919, provides:

"Whenever a cause of action has acrued under or by virtue of the laws of any other State or territory, such cause of action may be brought in any of the courts of this State, by the person or persons entitled to the proceeds of such cause of action: *Provided,* such person or persons shall be authorized to bring such action by the laws of the State or territory where the cause of action accrued."

The *proviso* in this section is particularly applicable to the case at bar. Not having elected to be excused from the operation and terms of the Compensation Law of South Dak., introduced in evidence, Fisher was bound by its provisions, and having agreed to a compensation settlement thereunder, there remained to him no right to sue for damages. The only remedy remaining to him under that law was the filing of a claim with the Industrial Commissioner of that State. This ruling is in conformity with the holding of this court in Harbis v. Packing Co., 241 S. W. 960, and with the opinion of the Supreme Court in State ex rel. Harbis v. Trimble, et al., 292 Mo. 333. We hold against plaintiff on this point.

The second point raised and insisted upon as ground for reversal is that the trial court erred in holding that the payment of $1750 made to Fisher by defendant was paid under the Workmen's Compensation Law of South Dakota, and not in settlement of Fisher's case in Kansas City. What we have said under point 1, is equally applicable here, and determines the question against the contention of plaintiff. We hold that Fisher was bound by the terms of the Workmen's Compensation Law, not having elected to exclude himself from its operation, and, since he had agreed upon a settlement, in compliance with the terms of said Act, and had accepted compensation thereunder, there was no cause of action upon which he could sue in this State and give plaintiff a lien thereon.

A case in point is that of Piatt & Marks v. Swift & Co., 188 Mo. App. 584. In that case the court held that where the workmen, injured in the State of Kansas through his employer's negligence, has the right to elect between the cause of action given by the Compensation Act and that given by the common law, and where both employer and employee have elected to come under the provisions of the Act, the cause of action granted thereunder is exclusive and supersedes that given by the common law. And by accepting payment of compensation under said Act, the employee elects to take the cause of action given thereunder, he thereby loses his cause of action under the common law. Consequently, a contract made thereafter in Missouri by the employee, with a firm of Missouri attorneys, to prosecute his common law action, gives such attorneys no lien upon such cause of action, since his contract with such attorneys was a contract to give something to them which he did not possess. The Compensation Acts of Kansas and South Dakota are found, upon examination, to be identical in their application to this point, and the ruling of this court in the case last above cited applies with equal force to the case at bar.

The third point raised by appellant is that the trial court erred in ruling that plaintiff's petition, which included Fisher as a party defendant, states two causes of action.

The basis of this charge is not quite clear, but we may assume that the ruling of the court was based upon the facts shown in evidence that if plaintiff had any cause of action against Fisher, it was one based upon a contract of employment; while the action against the Casualty Company was not based upon contract but upon plaintiff's alleged lien upon any rights Fisher had. That the court's ruling upon this point was proper is beyond question.

There are thirteen assignments of error in plaintiff's brief, but as they have all been determined against his

contention is our holding above, they need no further discussion. We fail to find reversible error of record. The judgment is affirmed.

All concur.