**HINMAN v. BERKMAN et al. (two cases).**
**Nos. 715, 716.**

United States District Court
W. D. Missouri, Southwestern Division.
Aug. 11, 1949.

Truman B. Rucker, Tulsa, Okla., Sizer & Myres, Monett, Missouri, for plaintiffs.

Stone & Smith, Springfield, Mo., for defendants.

RIDGE, District Judge.

In the above actions plaintiffs seek recovery of actual and punitive damages of defendants for a tort arising out of an automobile collision occurring on a highway in the State of Missouri. Diversity of citizenship between the parties and requisite jurisdictional amount, give this court jurisdiction.

The defendant United Jewish Appeal is a non-profit, charitable corporation, organized under the Membership Corporation Law of the State of New York, McKinney's Consol.Laws, c. 35, § 10 et seq. N.Y.Laws of 1926, Chap. 772. Plaintiffs assert liability here exists against the individual defendant by reason of his own negligence and against the defendant United Jewish Appeal under the doctrine of respondeat superior in causing the collision in question. The corporate defendant has moved to dismiss these actions, as to it, on the ground that under Missouri Case Law a charitable corporation has immunity from tort liability, and the doctrine of respondeat su-perior cannot be invoked to impose liability on such an institution. Plaintiffs here concede that under the law as existing in the State of Missouri, charitable corporations are exempt from tort liability under certain circumstances, but, they contend that it has never been held in the State of Missouri that such exemption extends to actions as the one at bar. Thus, the proposition is presented as to whether immunity from tort liability afforded charitable corporations under the case law of Missouri extends to actions involving liability to strangers to such corporations, arising out of an automobile collision occurring in that State.

Jurisdiction here being premised on diversity of citizenship, we are, of course, in resolving the above proposition, bound by the law as declared by the highest courts of the State of Missouri. Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The question is distinctly local to Missouri, in origin and in content; therefore, the case law of said State, pronounced by way of definitive decision or considered dicta, is to be our guide. Yoder v. Nu-Enamel Corp., 8 Cir., 117 F.2d 488.

It is the law of Missouri that where the agent of a foreign corporation, while acting in the course of his employment, commits a tort, the law of the State where the act was done determines whether his corporation is liable for the tort and the extent to which it is liable therefor. Root v. Kansas City Southern R. Co., 195 Mo. 348, 92 S.W.2d 621, 6 L.R.A., N.S., 212; Fogarty v. St. Louis Transfer Co., 180 Mo. 490, 79 S.W. 664, 1 Ann.Cas. 136; Taylor v. Integrity Mut. Cas. Co., 216 Mo.App. 599, 265 S.W. 881; Boneau v. Swift & Co., Mo.App., 66 S.W.2d 172; Restatement, Conflict of Laws, Sec. 166, Comment (b). Consequently, if the law of Missouri grants immunity to charitable corporations from liability for torts committed against strangers, to such corporations as here considered, the foreign corporate defendant herein may take advantage of the exemption so granted by the laws of that State, though its liability under similar circumstances may be otherwise by the laws of its domicile. Cf. Redfield v. New York Cent. R.

Co., 8 Cir., 83 F.2d 62; Taylor v. Integrity Mut. Cas. Co., supra.

The definitive law of Missouri clearly resolves that a charitable corporation is not liable for negligent injury to a beneficiary of a charity. Nicholas v. Evangelical Deaconess Home & Hospital, 281 Mo. 182, 219 S.W. 643; Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S.W.2d 615; Adams v. University Hospital, 122 Mo. App. 675, 99 S.W. 453; Roberts v. Kirksville College of Osteopathy & Surgery, Mo.App., 16 S.W.2d 625; Stedem v. Jewish Memorial Hosp. Ass'n, Mo.App., 187 S.W.2d 469; or for tort liability to injured employees. Eads v. Y. W. C. Ass'n, 325 Mo. 577, 29 S.W.2d 701; Whittaker v. St. Luke's Hospital, 137 Mo.App. 116, 117 S. W. 1189. Although the courts of Missouri have not specifically ruled immunity from liability of charitable institutions for torts, under a state of facts such as here considered, we are of the opinion that the law of that State, as laid down in the above decisions, must be held to intend to and include strangers (i. e. immunity from liability to a person injured who receives no benefit from such institution, or is not employed by it) injured by reason of a tort committed by an employee of that class of corporations, such as would arise in a highway collision.

In Roberts v. Kirksville College of Osteopathy & Surgery, supra, and Whittaker v. St. Luke's Hospital, supra, the courts of Missouri have ruled that the doctrine of respondeat superior does not apply to charitable institutions, and that the agent of a charity who does a negligent act which results in injury to another, is alone liable therefor. In Eads v. Y. W. C. A., supra, the Supreme Court of Missouri looked at the overall picture of liability of charitable organizations for torts, in several States, and from its analysis concluded, 29 S.W. 2d loc. cit. 706, "there are strong arguments in favor of holding a charitable organization liable for negligent injury to a servant *or to a stranger,* or for that matter even to recipient of its service who pays therefor, * * *. The courts of this state, upon careful consideration, have decided that it is better public policy to hold them exempt * * *." (Italics supplied.) In the Eads case, supra, the court had before it a state of facts that concerned an employee of a charitable institution, but, as made manifest by the opinion therein, in its review of the law on the subject of tort liability of such institutions generally, it cited with approval cases from other States which hold charitable institutions exempt from liability for injury caused by negligence of the association or its servants to strangers. In light of such manifestation, we are of the opinion that the definitive ruling therein made by the Supreme Court of Missouri, to the effect that "the courts of this state, upon careful consideration, have decided to hold (charitable organizations) exempt" from tort liability, is a ruling coextensive with the various situations of liability reviewed and considered by the court in that case. If such can be said not to be a definitive ruling on all the situations there considered, then it clearly is "considered dicta" and not mere obiter, and in that aspect is a compelling inference and logical implication from the case law of Missouri as would be binding on this Court. Yoder v. Nu-Enamel Corp., supra.

In Dille v. St. Luke's Hospital, supra, the Supreme Court of Missouri reviewed all the decisions of the Courts of that State exempting charitable institutions from liability for torts. From its analysis of such decisions, the Court stated: "The Missouri cases are by no means crystal clear on the question of the precise ground upon which immunity rests", 196 S.W.2d loc. cit. 616, in that character of litigation. However, in deciding the issues in the Dille case, the Court concluded: "While the cases seem to treat the two theories, trust fund and public policy, under separate heads, the distinction between them is more apparent than real. At bottom they are the same, the trust fund doctrine being, as some of the cases say, the 'child' or 'offspring' of the doctrine public policy. This is also true as to the nonapplicability of the rule of respondeat superior. * * * So understood, this disposes of plaintiff's contention respecting the foundation on

which the rule of immunity rests. \* \* \* We are in accord with the views there expressed."

The decision in the Dille case, supra, is laid in the "public policy" of Missouri. In that case the court specifically ruled that the public policy of Missouri, exempting charitable corporations from liability for torts, would not be abandoned or modified, even though a charitable institution was covered by liability insurance protecting its funds from depletion because of torts committed either by the institution itself, or its employees. In light of that definitive ruling from the highest court of the State of Missouri, evincing a clear rooted public policy, and other previous decisions from the courts of that State, as above considered, we are convinced that the compelling inference and logical implication to be made from Missouri case law is that charitable corporations have complete and whole immunity from liability for torts committed in that State.

Defendant United Jewish Appeal's motion to dismiss is by the Court sustained in each of the above actions.