GILBERT C. KREUGER, Plaintiff-Appellant, v. REV. KURT J. SCHMIE-CHEN, CHARLES GODEJOHN, ARTHUR SCHENK, HENRY KRAMER, RAYMOND KNEPPER, EARL SPAETE, HARRY DAUME, WILLIAM FINK-LANG, CALVIN FINKLANG, NORMAN CLAIBORNE, LEO DIENHART, GUSTAVE UNDERBERG, and FRED HACKMANN, Defendants-Respondents, No. 43651—264 S. W. (2d) 311.

Division Two, February 8, 1954.

*Edward W. Fredrickson, William L. Mason, Jr.,* and *Koenig, Dietz & Mason* for appellant.

*William W. Evans, John F. Evans* and *Evans & Dixon* for respondents.

WESTHUES, C.—Plaintiff by this suit seeks $10,000 as damages for personal injuries alleged to have been sustained on December 7, 1950, when he fell while upon the premises of the Faith-Salem Church at 7348 West Florissant Avenue, St. Louis County, Missouri. The trial court, on motion of the defendant, dismissed plaintiff's petition. Plaintiff appealed.

Plaintiff charged negligence in the following manner:

"6. Plaintiff further states that his said fall was caused by negligence of the defendants, *through their agents and servants*, in operating, managing, and controlling the said Church." (Emphasis ours) The defendants were described as follows:

"2. Plaintiff further states that at all times herein mentioned the defendant Rev. Kurt J. Schmiechen was, as Pastor of the Faith-Salem Church, the executive officer thereof.

"3. Plaintiff further states that at all times herein mentioned the defendants William Finklang, Calvin Finklang, Norman Claiborne, Leo Dienhart, Gustave Underberg, Fred Hackmann, Charles Godejohn, Arthur Schenck, Henry Kramer, Earl Spaete, Henry (Harry) Daume, and Raymond Knepper comprised the Consistory of the said Church, and as such were the directors of the said Church."

The facts were stipulated to be as follows:

"* * * it is stipulated and agreed that the Faith-Salem Church is a religious, non-profit organization, incorporated by pro forma decree under what is now Chapter 352, Revised Statutes of Missouri, 1949. Under the Constitution and by-laws of the Church corporation, the named defendants compose the elected Consistory, including four Elders, eight Deacons, and the Pastor as an ex-officio member. Article IX. of the by-laws provides that the Consistory shall transact all business of the Church, and shall have full charge of the administration of the Church property. The defendants are being sued in their representative capacity as Pastor and members of the Consistory.

"At the time stated in the petition, and on the date averred therein as being the date of plaintiff's injury, if any, there was in full force and effect a policy of liability insurance for personal injuries issued to the Faith-Salem Church, as named insured, and providing ▓▓▓ further that the expression 'named insured' in said policy shall include 'also any partner, executive officer, or director thereof while acting within the scope of his duties as such.' "

▓▓ Plaintiff briefed only one point which we set out with the authorities cited thereunder:

"The defendants are suable in tort in the capacities which they were sued, and the trial court erred in holding to the contrary.

Birdsong v. Jones, 222 Mo. Apps. 768, 8 S. W. 2d 98;
Roberts v. Kirksville College of Osteopathy and Surgery, (Apps.), 16 S.W. 2d 625;
Taylor v. Baldwin (banc), 362 Mo. 1224, 247 S.W. 2d 741, 745, 749;

Henman (Hinman) v. Berkman, et al, 85 F. Supp. 2, 4;
Constitution of Missouri, 1945, Art. I., Sec. 14;
Restatement of the Law, Trusts, Sec. 264.''

After this case was submitted, plaintiff in a letter to the court called attention to the case of Pierce v. Yakima Valley Memorial Hospital Ass'n, (Wash.) 260 P. (2d) 765.

In the argument of the brief, plaintiff concedes the Faith-Salem Lutheran Church, of which the defendants constitute the Consistory or the governing body, is a charitable institution and under the laws of this state is not liable in tort actions. Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S.W. (2d) 615, and cases there reviewed. However, plaintiff argues that the defendants are to be treated as trustees and, therefore, liable to be sued in tort. The authorities cited by plaintiff do not sustain his contention. In the case of Taylor v. Baldwin, 247 S.W. (2d) 741, supra, the object of the suit was to enjoin the affiliation of Barnard Free Skin and Cancer Hospital with the Washington University Medical Center. This court en banc held that the acceptance of the affiliation contract was a reasonable exercise of the hospital board's discretionary powers. The question of tort liability on the part of the members of the board was not in the case and was not mentioned. In the case of Roberts v. Kirksville College of Osteopathy and Surgery, 16 S.W. (2d) 625, plaintiff's injuries allegedly resulted from an employee's applying a hot water bottle to her feet. The court held the corporation was not liable in tort actions and plaintiff's remedy was against the employee. Plaintiff in the case before us did not sue the employee and in the petition plaintiff stated defendants were negligent ''through their agents and servants.'' The Roberts case, supra, as we view it, is authority against plaintiff.

The issues in the case of Hinman v. Berkman, 85 F. Supp. 2, were the same as those in the Roberts case, supra, with the same result. In the case of Birdsong v. Jones, 8 S.W. (2d) 98, plaintiff was injured while he was an employee of the Kansas City Star. He filed suit against the trustees operating the paper under appointment by the last will and testament of William R. Nelson, deceased. The court held that, under the terms of the will, the trustee and also the Kansas City Star were liable in damages for personal injuries to employees injured as a result of the negligence of the trustees. The Kansas City Star was not claimed to be a charitable institution. The theory of plaintiff was that the trustees were the tort-feasors. No such claim was made by the plaintiff in the case before us.

Plaintiff cited Restatement of the Law, Trusts, Sec. 264. In the 1948 Supplement under Section 264, p. 954, we find the following: ''The rule stated in this Section is not applicable in a case of a charitable trust where the trustee is not personally at fault.''

The immunity of a charity, in this case the Faith-Salem Church, extends to the members comprising the Consistory. Eads v. Young

Women's Christian Ass'n., 325 Mo. 577, 29 S.W. (2d) 701, l.c. 708, 709 (5). The defendants in this case hold the same relationship to the Church corporation as that of directors in mercantile corporations. Directors of such corporations, absent participation in the wrong, are not personally liable in tort for the negligence of the agents and servants of the ██ corporation. 19 C.J.S. 271, Sec. 845; 13 Am. Jur. 1018, Sec. 1086; Patzman v. Howey, 340 Mo. 11, 100 S. W. (2d) 851, l.c. 856 (2, 3); North St. Louis Christian Church v. McGowan, 62 Mo. 279, l.c. 288.

Plaintiff, in his brief under his "Points Relied On", cited Art. I, Sec. 14, of the Missouri Constitution. In the argument of the brief he said: "Our CONSTITUTION OF 1945, in its Bill of Rights—Art. I, Sect. 14—says that the Courts are to be open to every person and certain remedy afforded for every injury to person." We deem it sufficient to say that the courts are open to plaintiff to sue the tort-feasor who is alleged to have caused his injury.

With reference to the case of Pierce v. Yakima Valley Memorial Hospital Ass'n., supra, we note that the Supreme Court of Washington, by a divided court, changed the rule in that state from non-liability of charities in tort actions to that of liability. In this state, we have adhered to the non-liability rule.

██ It was stipulated that the liability insurance policy included within its terms the members of the board and the pastor. Plaintiff, in the argument of the brief, says that by his suit he is not seeking to reach a fund held in trust for charitable purposes, "unless it can be said (looking at it from a practical standpoint) that a liability insurance company is a charity." This court has never suggested that a liability insurance company is to be classified as a charity. What this court has repeatedly held is that although a defendant for his protection carries liability insurance that fact does not enhance his liability in tort actions. Stedem v. Jewish Memorial Hospital Ass'n. of Kansas City, 239 Mo. App. 38, 187 S.W. (2d) 469; Dille v. St. Luke's Hospital, supra; Baker v. Baker, 364 Mo. 453, 263 S.W. (2d) 29; Haines v. Harrison, 357 Mo. 956, 211 S.W. (2d) 489, l.c. 493. Courts from a number of other states have adopted the same rule. Pierce v. Yakima Valley Memorial Hospital Ass'n., supra; Segall v. Ohio Casualty Co., 224 Wis. 379, 272 N.W. 665, 110 A.L.R. 82, and cases there cited.

The trial court ruled correctly in dismissing the plaintiff's petition. The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.