288 So.2d 620 (1974)
Albert PALMIERI et al.
v.
E. M. FRIERSON et al.
Albert PALMIERI et al.
v.
FIREMAN'S FUND INSURANCE COMPANY.
Nos. 53539, 53547.
Supreme Court of Louisiana.
January 14, 1974.
*621 France W. Watts, III, Watts & Cassidy, Franklinton, for applicants in 53547.
James E. Moore, Franklin, Moore, Cooper & Walsh, Baton Rouge, for applicants in 53539.
Sylvia Roberts, Brumfield & Brumfield, Baton Rouge, for plaintiffs-respondents.
MARCUS, Justice.
These consolidated lawsuits involve a collision between a passing motorist and a left-turning vehicle at a "T" intersection. Plaintiffs are the passengers in the passing vehicle. Defendants are the liability insurer of the passing vehicle and the driver, owner, and liability insurer of the left-turning vehicle. The trial court concluded that the negligence of the passing motorist was the sole proximate cause of the accident and awarded damages in favor of the plaintiffs and against the insurer of the passing vehicle. The Court of Appeal found that the accident was caused by the negligence of both drivers; affirmed the amount of the damage awards and rendered judgment therefor against the insurer of the passing vehicle and the driver, owner, and insurer of the left-turning vehicle, *622 jointly and in solido.[1] All defendants made application for writs to this Court which were granted.[2]
The aforesaid accident occurred at about 7:15 a. m. on November 26, 1964 in St. Tammany Parish. Albert Palmieri and his wife, Verna L. Palmieri, were passengers in a Ford automobile owned by Mrs. Palmieri and insured by Fireman's Fund Insurance Company. At the time of the trial, Albert Palmieri was deceased, and his heirs had been substituted as parties plaintiff. At the time of the accident, their son, Dominick Palmieri, was driving the automobile in a southerly direction on U. S. Highway 11, which is a two-lane highway. An unidentified automobile was in front of the Palmieri vehicle; a truck-trailer owned by E. M. Frierson, operated by Luther Williams, and insured by Travelers Indemnity Company, was in front of the unidentified automobile. All three vehicles were heading south on Highway 11 which was straight and level at the scene of the accident. The weather was dry and clear.
The Brown Switch Road forms a "T" intersection with Highway 11. It is a gravel road and is not identified in any way on Highway 11 by either signs or road markings. The area was not indicated as a no-passing zone. The speed limit on Highway 11 was 60 m. p. h. The truck-trailer was approximately 35 feet long. There were no turning signals on the rear of the trailer, and the truck driver was aware of this fact. There were 165 feet of skid marks which began in the passing lane and led to the left shoulder of Highway 11. There was a real dispute as to the point of impact; however, the evidence indicates that the collision occurred near the left shoulder of Highway 11 and that the right front of the Palmieri vehicle collided with the left rear portion of the trailer.
The trial judge awarded damages in the amount of $2,500.00 for Albert Palmieri's injuries and in the amount of $3,500.00 and $1,391.50 for personal injuries and special damages, respectively, to Verna L. Palmieri. These awards were affirmed by the Court of Appeal and are not contested before this Court. Nevertheless, we have reviewed the adequacy of these awards and find same to be fair and reasonable.
The sole issue for our consideration is the question of liability.
We agree with the findings of the Court of Appeal that both Dominick Palmieri, the passing motorist, and Luther Williams, the left-turning truck driver, were negligent, and that their concurrent negligence proximately caused the accident.
As regards the alleged negligence of Williams, the cases are legion holding that, before making a left turn, the driver of a vehicle must ascertain that he may do so safely. Not only is this cardinal rule of the road founded on common sense, but in our State, it is a positive enactment, incorporated in the Revised Statutes as R.S. 32:104, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that "such movement can be made with reasonable safety."
Williams knew that he had no turning signal on the rear of his trailer and that his vehicle was 35 feet long. He was also aware that the gravel road into which he was turning was unmarked. Williams was cognizant of the presence of both the unidentified vehicle and the Palmieri car to his rear. A consideration of the testimony and the physical facts surrounding the accident convinces us that Williams slowed his truck to make the turn, as did the unidentified car following him; that Williams failed to note the Palmieri vehicle in the passing lane; that Williams then began his turn; and the accident occurred. There was no evidence that Palmieri was exceeding the speed limit. As a matter of fact, *623 the investigating officer opined that he was not exceeding the speed limit. Hence, we conclude that Williams was negligent in failing to observe the Palmieri vehicle in the passing lane. We agree with the Court of Appeal that the negligence of Williams in making a dangerous turn and failing to observe the Palmieri vehicle in the passing lane was a proximate cause of the accident.
The next question for our consideration is the alleged negligence of Dominick Palmieri. The driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety. Thomas v. Barnett, 240 La. 363, 123 So.2d 87 (1960).
The Court of Appeal, in concluding that Dominick Palmieri's negligence was a cause of the accident, indicated that it was particularly impressed by an undisputed fact that the unidentified vehicle driving behind the truck and ahead of the Palmieri vehicle was able to slow and continue ahead without being involved in the accident. The court further stated that, since this unknown driver was able to observe the turn of Williams, then Dominick Palmieri should have been able to avoid the accident. We agree with its conclusion that Palmieri's negligence was a cause of the accident; however, we are unable to ascribe to the reasons therefor. The driver of the unidentified vehicle was confronted with entirely different circumstances from that of Dominick Palmieri. In the case of the unidentified vehicle, the truck driver turned out of its lane and, therefore, it is understandable that this vehicle could continue on its way without becoming involved in the collision. On the other hand, in the case of the Palmieri vehicle, the truck-trailer pulled into the lane in which it was proceeding. Therefore, it would be incorrect to conclude that, since the unidentified vehicle was able to avoid the accident, Palmieri was negligent because he could not do likewise.
Nevertheless, we find negligence upon the part of Dominick Palmieri for other reasons. Both the driver and the passenger in the truck testified that the driver gave a hand signal and activated the turn signal on the cab of the truck before commencing his left turn. They further testified that the unidentified vehicle immediately behind the truck activated its left signal light. Furthermore, both the truck-trailer and the unidentified vehicle had slowed, which was apparent to Palmieri. The evidence is clear that this was an unmarked intersection; however, Palmieri should have been able to observe the junction of Brown Switch Road with Highway 11. While Palmieri may not have been exceeding the speed limit, it is evident that he must have been moving at a fairly rapid rate in view of the 165 feet of skid marks which began in the passing lane.
We, therefore, conclude that Dominick Palmieri was negligent in attempting to pass the unidentified vehicle and a truck-trailer which was 35 feet in length at a "T" intersection at a time when traffic was de-accelerating in such a manner as to indicate that the lead vehicle was either preparing to turn or experiencing some sort of difficulty. Attempting to pass both of these vehicles under such circumstances was clearly unsafe and constituted negligence on Palmieri's part which was a proximate cause of the accident.
Therefore, we conclude, as did the Court of Appeal, that both drivers were guilty of negligence, and their concurrent negligence proximately caused the accident.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
BARHAM, J., concurs.
DIXON, J., dissents.
NOTES
[1] 275 So.2d 214.
[2] 278 So.2d 503; 278 So.2d 504.