315 So.2d 333 (1975)
Mary M. ROSS, Plaintiff-Appellant,
v.
Tom H. OTWELL and State Farm Mutual Automobile Insurance Company, Defendants-Appellants.
No. 4994.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*334 Devillier, Ardoin & Morrow by J. Michael Morrow and J. Winston Ardoin, Eunice, for plaintiff-defendant in reconsideration appellant-appellee.
Holloway, Baker, Culpepper & Brunson by D. G. Brunson, Jonesboro, for defendant-plaintiff in reconsideration appellees-appellant.
Gist, Methvin & Trimble by David A. Hughes, Alexandria, for defendant-appellee.
Rozas & Manuel by J. Jake Fontenot, Mamou, for intervenor-appellee.
Before FRUGE, HOOD and WATSON, JJ.
HOOD, Judge.
Mrs. Mary Ross, individually and as natural tutrix of her minor child, Edwina Kirkland, has sued for damages resulting from a motor vehicle collision. The defendants are Tom H. Otwell, and his insurer, State Farm Mutual Automobile Insurance Company. Defendants answered and reconvened for damages, seeking primarily to recover damages from Mrs. Ross, and alternatively to recover contribution from her in the event defendants are held to be liable to the minor child.
Judgment was rendered by the trial court (1) rejecting the demands of Mrs. Ross, individually, (2) rejecting the reconventional demands of defendants Otwell and State Farm, and (3) condemning defendants, Otwell and State Farm, to pay damages to plaintiff, as natural tutrix of her minor child, in the amount of $400.00. All parties have appealed.
The issues presented involve a determination of whether either or both of the drivers were negligent, whether defendants are entitled to contribution from Mrs. Ross, whether the award made by the trial court to or for the benefit of plaintiff's child is excessive, and the quantum of any other awards which may be made by this court.
The accident occurred at about 7:10 P. M. on August 25, 1973, at the intersection of Louisiana Highway 28 and Cypress Bayou Road, in LaSalle Parish. Mrs. Ross was driving her automobile west on Highway 28 at that time, and her 13 year old daughter, Edwina Kirkland, was riding as a passenger with her. She started to overtake and pass a pickup truck, which was ahead of her and was being driven west on the same highway by defendant Otwell. After plaintiff began her passing maneuver, Otwell turned his pickup truck to his left at the intersection of that highway with Cypress Bayou Road, and before that turn could be completed the right side of the Ross automobile struck the left side of the truck. All of the occupants of those vehicles allegedly sustained injuries as a result of that collision.
Highway 28 is a two-lane, straight, level, blacktopped highway which runs east and west at that point. Cypress Bayou Road is a two-lane, level, blacktopped parish road which runs north and south, and it intersects or crosses Highway 28 at the place where the accident occurred. There were no signs on Highway 28 warning motorists of the existence of a crossing at that point, and there were no yellow no-passing lines on that highway. Some stop signs were located at the intersection, however, warning motorists on Cypress Bayou Road to stop before proceeding into the crossing.
*335 There also was a sign located at or near the intersection advising motorists on Highway 28 that the Prosperity Baptist Church was located in that area. There was nothing to obstruct the view of a motorist on either thoroughfare as he approached that intersection. The weather was clear, the sun was shining, and visibility was good when the accident occurred.
Defendant Otwell, who was 76 years of age, was driving his truck west on Highway 28 at a slow rate of speed, not in excess of 15 miles per hour, before and at the time the accident occurred. Two automobiles overtook and passed him just before he reached the above intersection. He testified that when he was about 100 yards from the crossing he activated the electric turn signal on his truck, indicating that he intended to make a left turn, and that he also gave a hand signal to the same effect. He stated that after the two vehicles just mentioned passed him, he looked carefully in all directions and saw no other traffic approaching, and that he thereupon proceeded to make a left turn at the intersection. He did not see the Ross vehicle at any time before the collision occurred.
The trial judge found that Otwell activated the left turn signal on his truck "at least 100 feet from the intersection," and we agree with that finding. He held, however, that Otwell nevertheless was negligent in having failed to maintain a proper lookout and in attempting to make a left turn when such a maneuver could not be made with reasonable safety. We agree with the trial judge that defendant Otwell was negligent and that his negligence was a proximate cause of the accident. LSA-R.S. 32:104, subd. A.
The trial judge also found that the intersection was "visible to an attentive motorist," that Mrs. Ross was "able to see both the truck and the intersection," and that "both drivers were familiar with the terrain having driven in the area for many years." He concluded that the crossing was an "intersection," as that term is used in LSA-R.S. 32:76(A).
The evidence, including photographs of the scene of the accident, convinces us that despite the fact that there were no signs or no-passing lines on Highway 28 indicating a crossing in that area, it nevertheless should have been obvious to Mrs. Ross before she reached the crossing that there was an intersection of two public roads at that point. Both roads were hardsurfaced, they were plainly visible to her long before she reached the crossing, and we do not believe that she or any other motorist would have mistaken Cypress Bayou Road for a private driveway at the point where it intersected the highway. See Palmieri v. Frierson, 288 So.2d 620 (La.1974).
Mrs. Ross conceded that she was driving at a speed of from 50 to 55 miles per hour immediately before she attempted to pass defendant's truck. Another eye witness to the accident estimated her speed to be greater than that. The trial judge determined that she was driving at a speed of from 55 to 60 miles per hour when the passing maneuver was begun, and he held that in view of the fact that she could see the intersection ahead of her, that a left hand signal was being given by Otwell, and that the Otwell truck was being driven at a very slow rate of speed indicating that he might turn, "she should not have attempted to pass at a rate of nearly 60 mph." He concluded that Mrs. Ross also was negligent.
We agree with the trial judge that Mrs. Ross was negligent in attempting to pass the Otwell truck under those circumstances, and that her negligence also was a proximate cause of the accident.
Mrs. Ross, individually, is barred from recovering damages by her own contributory negligence. Her daughter was *336 free from negligence, however, and we agree with the trial court that Mrs. Ross, in her capacity as tutrix for her minor child, is entitled to recover from defendants the damages sustained by the child. We thus affirm that part of the judgment appealed from which rejects the demands of Mrs. Ross, individually, but which decrees that she, as tutrix for her daughter, is entitled to recover from defendants the damages which were sustained by the child as a result of the accident.
The trial judge awarded the sum of $400.00 as the damages sustained by the minor child. Defendants contend that the award is excessive and should be reduced. Although the injuries sustained by the child were of a very minor nature, we have decided that the award is within the much discretion which is vested in the trial court and we thus will not disturb it.
Since the negligence of Mrs. Ross was also a proximate and contributing cause of the accident, the defendants are entitled to recover from her one-half the amount which they are being condemned to pay as damages to the minor child. The trial judge erred, therefore, in failing to order contribution from Mrs. Ross, as prayed for in defendants' reconventional demand.
For the reasons assigned, the judgment appealed from is amended to decree that there be judgment in favor of defendants, Tom H. Otwell and State Farm Mutual Automobile Insurance Company, and against Mary M. Ross, individually, for $200.00, that being one-half the amount which said defendants have been condemned to pay as damages to the minor child. In all other respects the judgment appealed from is affirmed. One-half the costs of this appeal are assessed to plaintiff, Mary M. Ross, individually, and the remaining one-half of such costs are assessed to defendants.
Amended and affirmed.