Oliver C. RENFROW and Vesta M. Renfrow, Plaintiffs-Respondents,

v.

Frank Robert GOJOHN, Defendant-Appellant.

No. KCD30659.

Missouri Court of Appeals, Western District.

April 7, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1980.

Application to Transfer Denied July 15, 1980.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Wells, Kansas City, for defendant-appellant.

James B. Wilson, Windsor, for plaintiffs-respondents.

1. See Appendix A to this opinion.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

WASSERSTROM, Chief Judge.

Plaintiffs Vesta M. Renfrow and Oliver C. Renfrow each sue for personal injuries suffered in an automobile accident, and each on the basis of the marriage relationship between them also seeks damages for loss of consortium. Defendant by way of answer pleaded contributory negligence by the plaintiff Oliver and generally denied the allegations of the petition. Defendant thereafter filed motion for leave to file a counterclaim against Oliver, operator of plaintiffs' vehicle, seeking apportionment of any loss sustained by Vesta, passenger in plaintiffs' vehicle. The motion was denied by an order which provided: "This Order is to be considered a final order for purposes of appeal per Section 512.020 RS Mo., 1969." From that order, defendant pursues the present appeal.

Defendant's Points on Appeal may be summarized as follows: (1) the trial court erred in refusing to permit the filing of the counterclaim; (2) the court erred in ruling that it would not allow submission to the jury of an issue of apportionment between Oliver and defendant of any loss suffered by Vesta; and (3) the doctrine of interspousal immunity, upon which the foregoing rulings were based, should be abrogated. These points will be discussed in reverse order.

## I.

Defendant states in his brief that "[t]he doctrine of intraspousal [sic] immunity from tort suits has long outlived its usefulness and is so riddled with inequities and incongruities that it should be abolished." This doctrine in fact has been abolished in 26 jurisdictions[1] and an additional eight jurisdictions have partially abrogated the doctrine.[2] In view of this trend, the rule of interspousal immunity has been characterized as "a dying doctrine." 47 Tenn.L.Rev. 123 (1979).

2. See Appendix B to this opinion.

Nevertheless, as recently as 1972, the Missouri Supreme Court over a strong dissent by two of its members, reaffirmed the efficacy of interspousal immunity in this state. *Ebel v. Ferguson,* 478 S.W.2d 334 (Mo.banc). This court is bound by that decision.

## II.

For his principal argument on this appeal, defendant contends that *Missouri Pacific R. Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo.banc 1978) grants a right of contribution by one joint tort feasor against another, so that the defendant has a legal right to contribution from Oliver with respect to any loss suffered by Vesta and for which defendant may be held liable. Defendant further argues that this legal right by him is independent of any right existing in favor of Vesta against Oliver and that this right of contribution in favor of defendant should not be dependent upon any disability or immunity existing between Vesta and Oliver.

This same argument has been advanced before the courts of other jurisdictions, with contradictory results.[3] The issue came before a Missouri appellate court very recently for the first time in *Martinez v. Lankster,* 595 S.W.2d 316 (Missouri Court of Appeals). In that case, the court recognized the existing division of authority but adopted the view that interspousal immunity has the effect of barring the claim for contribution, because "[the] interspousal immunity would be nullified to a large extent if defendant were allowed to hold plaintiff's husband liable for his negligence. The action would accomplish indirectly an action which could not be accomplished directly."

On the basis of *Martinez,* the present argument by defendant is overruled.

## III.

Under this heading defendant argues that his counterclaim is mandatory under Rule 55.32(a). The counterclaim can be mandatory, however, only if there is an underlying enforceable right by defendant against Oliver for contribution. For reasons already stated under Section II of this opinion, defendant has no such right. This subpoint must therefore be disallowed.

Defendant next argues that the extension of interspousal immunity so as to prevent contribution from the husband violates defendant's constitutional rights. Preliminary to a consideration of this contention, we must determine our jurisdiction to do so. The notice of appeal in this case was filed December 28, 1978, at which time Article 5, Section 3 of the Missouri Constitution conferred exclusive jurisdiction upon the Missouri Supreme Court to hear all matters pertaining to questions of constitutional "construction." On the other hand, it was well recognized that the courts of appeal had jurisdiction to hear and determine any question pertaining only to constitutional "application." *State v. Higgins,* 592 S.W.2d 151 (Mo.banc 1979); *Champlin Petroleum Co. v. Brashears,* 592 S.W.2d 545 (Mo.App.1979). The principles governing the claims of constitutional right now asserted by defendant have already been established by decisions of the Missouri Supreme Court, and therefore the resolution of the constitutional questions presented are mere matters of application within the scope of the jurisdiction of this court.

Defendant's first constitutional argument is that the application of interspousal immunity to the facts of this case deprives him of due process of law. The ruling in *Brawner v. Brawner,* 327 S.W.2d 808 (Mo.banc 1959), substantially answers defendant on this point. In *Brawner,* a husband was not permitted to maintain an action against his wife for personal tort. He argued on appeal that this application of interspousal immunity violated his constitutional rights. The court answered that the state had a proper concern in the matrimonial status, that the doctrine of interspousal immunity was a regulation fairly referable to the police power and that it did not infringe upon the constitutional guarantee

---

**3.** See Appendix C to this opinion.

of due process. That ruling applies by extension here.

■ Defendant's second constitutional argument is that the trial court's ruling violates the Missouri Constitution, Article 1, Section 14, which provides: "[t]hat the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character . . .." The principle that prevents that constitutional provision from affecting the present case was decided almost a century ago by the Missouri Supreme Court in *Landis v. Campbell*, 79 Mo. 433, 439 (1883). In that case, the plaintiff sued certain church officials for libel which allegedly occurred when plaintiff was excommunicated. The court held that decisions of the church body made in good faith in ecclesiastical matters were not subject to court review. In answer to the plaintiff's objection that such a ruling violated the constitutional provision then existing which is parallel to the present Article 1, Section 14, the Supreme Court responded that the constitutional provision in question "means only that for such wrongs as are recognized by the law of the land, the courts shall be open and afford a remedy."

More recently our Supreme Court again held members of the governing body of a church immune from suit and held that this did not infringe the constitutional provision in question. *Kreuger v. Schmiechen*, 364 Mo. 568, 264 S.W.2d 311 (1954). So also in *Glenn v. Department of Corrections*, 434 S.W.2d 473 (Mo.1968), the Supreme Court held that the state's immunity from a negligence suit by a prisoner did not offend against the requirement of a certain remedy for every injury. Likewise in *Schulte v. Missionaries of La Salette Corp. of Mo.*, 352 S.W.2d 636 (Mo.1962), it was held that the doctrine of charitable immunity did not violate the provisions of Article 1, Section 14. See .also *State ex rel. Maryland Heights Concrete Contractors Inc. v. Ferriss*, 588 S.W.2d 489, 491 [2] (Mo.banc 1979).

■ Defendant next argues that the trial court should not have made a final ruling against him at the present stage of the proceedings, because interspousal immunity is an affirmative defense which must be pleaded and supported by substantial evidence. Regarding the pleading phase of the matter, the question arose upon defendant's request for leave to file the counterclaim, and plaintiffs duly objected on the ground of interspousal immunity. There was no requirement for plaintiffs to file any formal written pleadings in opposition to defendant's motion.

So far as the matter of proof is concerned, the record contains interrogatories submitted by defendant to each of the plaintiffs asking each of them as to his and her marital status. The answers, also contained in the record, show these parties to be husband and wife. Defendant on this appeal does not at any place state that the plaintiffs are not husband and wife, and his basic argument here proceeds on the assumption that plaintiffs are married. This opinion likewise proceeds on the same assumption and shall not be construed to bar defendant from renewing his motion for leave to file the counterclaim, if he can allege in good faith that there exists a bona fide dispute as to the fact of marriage between the plaintiffs.

The order of the trial court from which the appeal has been taken is affirmed.

All concur.

### APPENDIX A.

Jurisdictions in which interspousal immunity has been abolished: *Penton v. Penton*, 223 Ala. 282, 135 So. 481 (1931); *Cramer v. Cramer*, 379 P.2d 95 (Alaska 1963); *Katzenberg v. Katzenberg*, 183 Ark. 626, 37 S.W.2d 696 (1931); *Klein v. Klein*, 58 Cal.2d 692, 26 Cal.Rptr. 102, 376 P.2d 70 (1962); *Rains v. Rains*, 97 Colo. 19, 46 P.2d 740 (1935); *Brown v. Brown*, 88 Conn. 42, 89 A. 889 (1914); *Rogers v. Yellowstone Park Company*, 97 Idaho 14, 539 P.2d 566 (1975); *Brooks v. Robinson*, 259 Ind. 16, 284 N.E.2d 794 (1972); *Shook v. Crabb*, 281 N.W.2d 616 (Ia. 1979); *Brown v. Gosser*, 262 S.W.2d 480 (Ky. 1953); *Hosko v. Hosko*, 385 Mich. 39, 187 N.W.2d 236 (1971); *Beaudette v. Frana*,

285 Minn. 366, 173 N.W.2d 416 (1969); *Imig v. March*, 203 Neb. 537, 279 N.W.2d 382 (1979); *Morin v. Letourneau*, 102 N.H. 309, 156 A.2d 131 (1959); *Immer v. Risko*, 56 N.J. 482, 267 A.2d 481 (1970); *Maestas v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975); *Jacobs v. United States Fidelity & Guaranty Co.*, 2 Misc.2d 428, 152 N.Y.S.2d 128 (1956); *Roberts v. Roberts*, 185 N.C. 566, 118 S.E. 9 (1923); *Fitzmaurice v. Fitzmaurice*, 62 N.D. 191, 242 N.W. 526 (1932); *Damm v. Elyria Lodge No. 465*, 158 Ohio St. 107, 107 N.E.2d 337 (1952); *Courtney v. Courtney*, 184 Okl. 395, 87 P.2d 660 (1939); *Pardue v. Pardue*, 167 S.C. 129, 166 S.E. 101 (1932); *Scotvold v. Scotvold*, 68 S.D. 53, 298 N.W. 266 (1941); *Freehe v. Freehe*, 81 Wash.2d 183, 500 P.2d 771 (1972); *Coffindaffer v. Coffindaffer*, 244 S.E.2d 338 (W.Va. 1978); *Wait v. Pierce*, 191 Wis. 202, 209 N.W. 475 (1926).

## APPENDIX B.

Jurisdictions in which interspousal immunity has been curtailed; *Lewis v. Lewis*, 370 Mass. 619, 351 N.E.2d 526 (1976) (doctrine abrogated with regard to torts arising from automobile accidents); *Rupert v. Stienne*, 90 Nev. 397, 528 P.2d 1013 (1974) (abrogated with regard to torts arising from automobile accidents); *Richard v. Richard*, 131 Vt. 98, 300 A.2d 637 (1973) (abrogated with regard to torts arising from auto accidents); *Digby v. Digby*, 388 A.2d 1 (R.I. 1978) (abrogated as to torts arising from auto accidents); *Asplin v. Amica Mut. Ins. Co.*, 394 A.2d 1353 (R.I. 1978) (abrogated as applied to actions brought after one or both spouses are dead); *Surratt v. Thompson*, 212 Va. 191, 183 S.E.2d 200 (1971) (abrogated as applied to torts arising from auto accidents); *Korman v. Carpenter*, 216 Va. 86, 216 S.E.2d 195 (1975) (abrogated as applied to wrongful death actions in which tortious act resulted in termination of marriage by death); *Lusby v. Lusby*, 283 Md. 334, 390 A.2d 77 (1978) (abrogated as applied to intentional torts); *Apitz v. Dames*, 205 Or. 242, 287 P.2d 585 (1955) (abrogated as applied to intentional torts); *Bounds v. Caudle*, 560 S.W.2d 925 (Tex. 1978) (abrogated as applied to intentional torts).

## APPENDIX C.

1. Jurisdictions refusing to permit a third party to enforce a right of contribution against the negligent spouse due to interspousal immunity: *Shell v. Watts*, 125 Ga.App. 542, 188 S.E.2d 269, rev'd on other grounds, 229 Ga. 474, 192 S.E.2d 265 (1972); *Schroeder v. Longenecker*, 7 F.R.D. 9 (D.Mo. 1947); *Chamberlain v. McCleary*, 217 F.Supp. 591 (D.Tenn. 1963); *Ennis v. Donovan*, 222 Md. 536, 161 A.2d 698 (1960) (however, it is to be noted that the doctrine was criticized in *Lusby v. Lusby*, 283 Md. 334, 390 A.2d 77 (1978) in which the court refused to extend interspousal immunity to include intentional torts perpetrated on wife by her husband); *Short Line, Inc. of Penn. v. Perez*, 238 A.2d 341 (Del. 1968).

The following additional cases refused to permit contribution, but these decisions no longer have any practical application because the doctrine of interspousal immunity has been abolished in the jurisdiction since rendition of the opinions: *Blunt v. Brown*, 225 F.Supp. 326 (D.Ia. 1963)—Interspousal immunity abolished in *Shook v. Crabb*, 281 N.W.2d 616 (Ia. 1979); *Koenigs v. Travis*, 246 Minn. 466, 75 N.W.2d 478 (1956)—Interspousal immunity abolished in *Beaudette v. Frana*, 285 Minn. 366, 173 N.W.2d 416 (1969); *Kennedy v. Camp*, 14 N.J. 390, 102 A.2d 595 (1954)—Interspousal immunity abolished in *Immer v. Risko*, 56 N.J. 482, 267 A.2d 481 (1970); *Fitzgerald v. Valdez*, 77 N.M. 769, 427 P.2d 655 (1967)—Interspousal immunity abolished in *Maestas v. Overton*, 87 N.M. 213, 531 P.2d 947 (1975); *Ackerson v. Kibler, et al.*, 232 App.Div. 306, 249 N.Y.S. 629 (1931)—Interspousal immunity abolished in *Jacobs v. United States Fidelity & Guaranty Co.*, 2 Misc.2d 428, 152 N.Y.S.2d 128 (1956).

2. Jurisdictions still adhering to the doctrine of interspousal immunity, but nevertheless permitting contribution: *Paoli v. Shor*, 345 So.2d 789 (Fla.App. 1977), aff'd *Shor v. Paoli*, 353 So.2d 825 (Fla. 1978); *Zarrella v. Miller*, 100 R.I. 545, 217 A.2d 673 (1966); *Bedell v. Reagan*, 159 Me. 292, 192

A.2d 24 (1963); *Fisher v. Diehl*, 156 Pa.Super. 476, 40 A.2d 912 (1945); *Puller v. Puller*, 380 Pa. 219, 110 A.2d 175 (1955); *LaChance v. Service Trucking Co.*, 215 F.Supp. 162 (D.Md. 1963); *Smith v. Southern Farm Bureau Casualty Ins. Co.*, 247 La. 695, 174 So.2d 122 (1965); *Ross v. Otwell*, 315 So.2d 333 (La. 1975).