Manhattan Casualty Company, Plaintiff, *v.* Katina G. Cholakis et al., Defendants.

Supreme Court, Special Term, New York County, June 10, 1954.

*Harry P. Rich* for plaintiff.

*Nathan H. Richman* for defendants.

Corcoran, J. The plaintiff, a casualty insurance company, brings this action for a declaratory judgment, stating the rights of the parties under a policy of automobile liability insurance issued by the plaintiff.

One defendant is Katina Cholakis, the named insured and the owner of the automobile described in the policy. The other defendant is Katina's son Thomas Cholakis, who was operating the automobile when it was involved in an accident. George Cholakis, the husband of Katina and the father of Thomas, was a passenger in the automobile at the time of the accident and he died as a result of the injuries he sustained.

Katina qualified as executrix of her husband's estate and commenced an action in negligence against herself and her son for money damages for wrongful death of her husband and for his conscious pain and suffering before his death.

After service of process in that action, the summons and complaint were forwarded to the plaintiff as carrier of the liability insurance. Plaintiff wrote to Katina and Thomas, advising them that it had concluded that the policy did not cover the suit which Katina had commenced as executrix. The plaintiff offered to defend that suit but without a waiver of its rights, and the plaintiff expressly stated that it would not assume the payment of any judgment in favor of the plaintiff in that action.

An attorney representing Katina and Thomas rejected this offer by the plaintiff and demanded for his clients that the plaintiff " afford them all the rights, provisions and benefits under the policy issued by you to Mrs. Cholakis with no reservations whatsoever ". The plaintiff responded to this letter by refusing to defend the negligence action and by returning the summons and complaint to the defendants' attorney.

The plaintiff then commenced this action for a declaratory judgment.

Subdivision 3 of section 167 of the Insurance Law provides: " 3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy."

With respect to the question whether the cause of action in negligence against Katina was covered by the terms of the policy, the answer is that it was not. The policy did not have any express provision excepting it from the subdivision of the Insurance Law quoted above. No money could have been recovered from the insurance company by the injured husband had he survived and brought an action against his wife, and no recovery may be had against the company in such an action against the wife by the personal representative of his estate (*Standard Acc. Ins. Co. v. Newman,* 47 N. Y. S. 2d 804, affd. 268 App. Div. 967).

With respect to the insurance coverage of the negligence action against Thomas Cholakis, however, an entirely different question arises. The policy contains the following definition of the persons who are covered by the insurance: " III DEFINITION OF INSURED  With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ' insured ' includes the named insured and also includes any

person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." This definition is followed by the enumeration of certain exceptions which admittedly are not applicable to this case.

I have held that subdivision 3 of section 167 of the Insurance Law, previously quoted, expressly bars the negligence action against the deceased's wife. That subdivision states that no policy of this kind is deemed to cover the death of, or injuries to, the *spouse* of the insured. It does not have any provision, however, with respect to coverage of the death of, or injuries to, any other members of an insured's family, and I will not read such provision into the statute.

Thomas, as the operator of the automobile, was insured by this policy. He is not the *spouse* of any party. The personal representative of his father's estate may sue him for wrongful death and for the deceased's conscious pain and suffering. Such a suit is covered by this policy.

Where several persons are insured under a policy, the rights and obligations of one insured are not necessarily dependent upon those of another insured under the policy (*Morgan* v. *Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 N. Y. 243; *Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195).

In the *Morgan* case (*supra*) the court stated at page 249: " In *Wenig* v. *Glens Falls Ind. Co.* (294 N. Y. 195) we discussed a somewhat similar provision and said (LEHMAN, Ch. J., p. 201): ' *The liability of the insurance company upon its promise to insure the " named assured " is neither extended nor limited by the fact that under the terms of the policy it assumed an obligation also to insure the " additional assured " against liability for damages for which he might become liable.*' (Emphasis supplied.) The proper view of the policy under consideration is that by it the defendant has undertaken *separate and distinct* obligations to the various assureds ".

I am not persuaded by the plaintiff's argument that a decision to the effect that the negligence action may be maintained against Thomas may lead to fraud or collusion, nor am I convinced by the examples of possible evil effects that are presented. The plaintiff dwells upon the fact that Thomas is the son of both the deceased and the named insured. It overlooks the fact that a decision holding that Thomas was not covered as an additional insured would be equally applicable to a case where the operator of the car was not related in any way to either of the parties. In this day, when many licensed operators will not drive a car

which is not covered by liability insurance, it would be disastrous indeed for such a person to learn that the coverage afforded to him by a liability policy naming the operator of a car as an insured did not protect him from a judgment because the person injured in the accident was the spouse of the owner of the car. If an insurance company wishes to limit its liability policies so that actions between members of a family are not covered, they should write such limitations into their policies.

I hold that the policy in suit does not cover any action against Katina Cholakis brought by the personal representative of the estate of George Cholakis for wrongful death or for conscious pain and suffering, but that the policy does cover such an action against Thomas Cholakis.

Settle judgment in accordance with the foregoing, within five days.