Felix C. Benvenga, J.
Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The action is on a public liability insurance policy issued by defendant to Dave Jacobs and Max Jacobs, doing business as Tivoli French Shoppe, Borough of Manhattan, City of New York.
In March, 1952 plaintiff suffered injuries on the premises of Tivoli Shoppe and instituted an action in negligence against David Jacobs, one of the partners, charging him with negli *430 gence. Plaintiff did not sue Max Jacobs, the other partner. Concededly, Max Jacobs is plaintiff’s husband and David Jacobs her brother-in-law. Defendant disclaims liability on the ground that the policy contains no express provision covering personal injuries to the spouse of a partner.
The issue involves the construction of subdivision 3 of section 167 of the Insurance Law, which, so far as pertinent, provides : “ No policy or contract shall be deemed to insure against any liability of an insured because of * * * injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy.”
1. The statute, of course, is to be read in the light of the previous state of the law, the circumstances that led to its enactment, the evil it was designed to correct and the remedy intended (Black on Construction and Interpretation of Laws, [2d ed.], § 91, p. 285; Standard Acc. Ins. Co. v. Newman, 47 N. Y. S. 2d 804, 814-816).
At common law, and in the absence of statute, one spouse could not maintain an action against another for personal injuries sustained through the negligence of the other (Schubert v. Schubert Wagon Co., 249 N. Y. 253, 255). In 1937, the Legislature amended section 57 of the Domestic Relations Law, so as to give him a right of action. Consequently there is no longer any doubt as to the right of one spouse to sue the other for personal injuries (People v. Morton, 308 N. Y. 96, 98; Fuchs v. London & Lancaster Ind. Co., 258 App. Div. 603, 606).
"When the Legislature in 1937 amended section 57 of the Domestic Relations Law (supra), it also amended section 167 (formerly § 109) of the Insurance Law (supra). As bearing upon the intention of the Legislature in amending section 57 (supra), and section 167 (supra), it is important to consider the cases of Schubert v. Schubert Wagon Co. (supra), and Caplan v. Caplan (268 N. Y. 445), both of which were decided prior to the said enactments.
The Schubert case (upon which plaintiff relies), was an action against a corporation for personal injuries sustained by plaintiff through the negligence of her husband in driving a corporation automobile while engaged in the business of the corporation. In holding that the action was maintainable, the court said (p. 255) that “ The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other’s principal or master ”,
The Caplan case (upon which defendant relies), was an action against a partnership of which plaintiff’s husband was a mem *431 ber, to recover for personal injuries sustained by plaintiff through the negligence of her husband in driving a partnership automobile while engaged in the business of the partnership. It was held (1) that, inasmuch as no such action could be maintained by a wife against her husband, no such action was maintainable against a partnership which includes her husband, unless the action be against all the partners to enforce their joint liability; and (2) that, inasmuch as “ partners are liable for the acts of a copartner in a business carried on by them jointly only within the field where liability is joint ” (p. 451), a partner of the husband could not be held individually liable.
The Caplan case was reviewed in some of the leading periodicals. Some of the commentators were of the opinion that the views of the dissenting Judges followed “ more nicely ” the spirit of the doctrine laid down by Cardozo, Ch. J., in the Schubert case. In any event, they recommended legislation giving the husband and wife remedies for wrongs against each other (21 Corn. L. Q. 161, 166; 22 Va. L. Rev. 473-474).
This was the state of the law when the Legislature enacted the 1937 amendments (supra). Clearly, the intent of the Legislature amending the law was twofold: (1) to permit one spouse to maintain an action for negligence against the other; and (2) to protect insurance carriers against collusive actions between husband and wife (Fuchs v. London & Lancaster Ind. Co., 258 App. Div. 603, 605, supra; Standard Acc. Ins. Co. v. Newman, 47 N. Y. S. 2d 804, 808-809, supra, affd. 268 App. Div. 967, motion for leave to appeal denied 268 App. Div. 1039; Katz v. Wessel, 207 Misc. 456, 458, 460; Feinman v. Rice Sons, 2 Misc 2d 86). Moreover, the effect of the 1937 amendments was to abrogate the principle of the Captan decision, making it no longer applicable. Consequently, the law now, as I view it, is in harmony with the opinion of the dissenting Judges in the Captan case and the spirit of the doctrine of the Schubert case.
2. Be that as it may, the issue here is the interpretation of a policy of insurance. Admittedly, the policy is not to be deemed to insure against any liability of any “ insured ” for injuries to his or her spouse, unless such liability is expressly included therein.
The term “insured” as defined by the policy includes the “ named insured ” (that is, “ Tivoli French Shoppe, Dave Jacobs and Max Jacobs D/B/A ”), and “also any partner, executive officer, director or stockholder while acting within the scope of his duties as such ’’. Clearly, this definition of ‘‘ insured ’’ is broad enough to cover the partnership, the partners specifically named, and any partner of those named *432 while acting within the scope of his duties. This definition must be given force and effect; it must not be given a restrictive meaning. It seems to me that the definition would be meaningless unless the insurer intended thereby to undertake ‘ ‘ separate and distinct obligations ” not only as to Tivoli Shoppe, but also as to each and every one of the partners. Consequently, while the insurer may be relieved of its obligation to Max Jacobs (the plaintiff’s husband) it is not relieved of its obligation to Dave Jacobs. To paraphrase the language of the court in Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn. (305 N. Y. 243, 249), inasmuch as the insurer has undertaken separate obligations to each of the insureds, an act or omission of an insured resulting in injury to the wife of such insured relieves the insurer of its obligation to that insured, but not its obligation to the other insureds.
Moreover, section 167 should not be extended by construction beyond the fair import of its terms. While it provides that the policy should not be deemed to insure against any liability of an “insured” for injuries to his spouse, it does not provide that the policy shall not be deemed to cover the liability of an “ insured ” who is not the spouse of the person injured. If it was the intention of the insurer not to cover such liability, it should have so stated in language so plain and unambiguous that a man of average intelligence who invests in these policies might know and understand their meaning and import. Hence, in case of doubt or ambiguity, such doubt or ambiguity, under the settled rule, should be resolved against the insurer (Hartol Products Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 248, supra; Ætna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 770; Manhattan Cas. Co. v. Cholakis, 206 Misc. 287,289).
3. The question remains whether, as the defendant contends, the return of execution unsatisfied is a condition precedent to the bringing of the action by the injured person against the insurer. In support of its contention, the insurer relies upon cases decided prior to the 1937 amendment to section 167 (supra). These cases are not in point. The condition precedent to the bringing of an action against the insurer, under the present statute, is that the judgment against the insured ‘‘ shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment ”. (See Lang v. Merchants Mut. Cas. Co., 203 Misc. 258, 260-261.)
The fact that plaintiff has an unsatisfied judgment against her husband’s partner does not preclude her from maintaining *433 the action. Such partner is liable to her for the full amount of the judgment, and she may proceed against him in the collection of the judgment even though he may be entitled to contribution or indemnity from his partner (Civ. Prac. Act, §§ 211-a, 264; Schubert v. Schubert Wagon Co., supra, p. 257; see, also, Caplan v. Caplan, supra, pp. 456-457). Moreover, in seeking indemnity against the insurer, plaintiff stands “ in the shoes of ” Dave Jacobs, and the insurer is liable up to the amount of its liability under the policy (see Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., supra, p. 243).
The motion for summary judgment is therefore granted and judgment is directed to be entered against the defendant in the sum of $5,000 (the limit of liability under the policy), with interest thereon from the date of entry of judgment against Dave Jacobs, together with taxable costs.