Samuel Rabin, J.
This is an action for judgment declaring that the plaintiff, a public liability insurance carrier, is under no obligation to pay or be responsible for, on behalf of its insureds, any sums which they may be legally obligated to pay as damages because of the bodily injury, sickness, disease or otherwise sustained by the defendant Rhoda Unger, or to pay any judgments on behalf of its insureds which may be rendered against them as the result of the action brought by said Rhoda Unger on the basis of said accident.
All the defendants but Rhoda Unger defaulted in appearing in this action. She has interposed an answer consisting of a general denial and two defenses and counterclaims in which she asserts that this is not a proper case for a declaratory judgment; that plaintiff has breached its. fiduciary, confidential and professional relationship by bringing it and is estopped from so doing because the insureds have gone into bankruptcy and are prejudiced thereby in the defense of Rhoda Unger’s action against them; that by reason of the foregoing, the plaintiff has committed a ‘ ‘ prima facie tort ’ ’ against the answering defendant, as a result of which she has sustained damages, including the counsel fees in defending the instant action.
The defendant Rhoda Unger has now moved for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, dismissing the complaint and for the affirmative relief sought in her counterclaims, or, in the alternative, for the same relief by way of summary judgment under rule 113 of the Rules of Civil Practice. The plaintiff has cross-moved for the relief prayed for in its complaint and dismissing the affirmative defenses and counterclaims asserted in the answer of the defendant Rhoda Unger.
The essential facts in this controversy are not in dispute. On October 6, 1953 the plaintiff issued to Fannie Unger, Melvin Unger and Sidney Unger, doing business as Atlas Manufacturing Co., a liability automobile insurance policy. Melvin Unger was and still is Rhoda Unger’s husband. The other two partners were and are her mother-in-law and brother-in-law respectively. While a passenger in an automobile owned by the partnership and driven on partnership business by her husband on July 9, 1954 Rhoda Unger sustained personal injuries. She contacted the plaintiff in August, 1954 for the purpose of obtaining a settlement of her claim and submitted to physical examinations and interviews by plaintiff’s investigators. She was paid medical expenses under the terms of coverage B of the policy, but was told that it did not insure her claim for the injuries sustained in the accident by reason of the following provision *957 of section 167 of the Insurance Law: “ 3. No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.”
Thereupon, she commenced an action to recover damages, naming only Atlas Manufacturing Co. as defendant. This action was brought in her own name without naming her husband as a party plaintiff and without naming him and the other two partners as parties defendant, and without stating whether the defendant was a corporation or a partnership. Process was served on October 27,1954 only upon one partner, Sidney Unger, who forwarded the summons to the plaintiff. The latter undertook the defense of that action and filed a notice of appearance, in response to which a verified complaint was served on December 20,1954. The answer, verified by said Sidney Unger, was then served upon the movant’s attorney with a demand for a verified bill of particulars which was served with a note of issue placing the cause upon the jury calendar for the April, 1955 term.
On October 7, 1955 all three members of the partnership, individually and doing business as Atlas Manufacturing Co., filed voluntary petitions in bankruptcy in the United States District Court for the Southern District of New York and were duly adjudicated bankrupts and discharged in bankruptcy as of July 2,1956.
As already noted, the defendant Ehoda Unger has been paid several hundred dollars from March, 1955 to August, 1955 for her medical expenses under coverage B of the policy, and plaintiff states that it intends to continue said medical payments within the limits of the coverage of the policy since that is a separate insurance obligation which has to be paid regardless of the issue of coverage under the “ interspouse ” liability provision. Plaintiff also states that it will continue the defense of its insureds in the negligence action of Ehoda Unger without cost to them, regardless of the outcome of this action for a declaratory judgment, since under the policy the obligation to defend is broader than the obligation of payment; it contends, however, that it is not estopped from seeking a declaration that under its policy it is not obligated to pay, or be responsible for, on behalf of the insureds, any sums which they may be legally obligated to pay as damages to Ehoda Unger as a result of the accident in question, or to pay any judgment which may be obtained by her as a result thereof.
*958 This court agrees that no estoppel has arisen by reason of the conduct of the plaintiff, as disclosed by the papers submitted by both parties, which prevents it from seeking a declaratory judgment interpreting and defining its coverage and obligations under the insurance policy issued by it. If the question of such coverage is not determined now, it will have to be litigated if Rhoda Unger succeeds in her negligence action and the mere bringing of this action for a declaratory judgment cannot be deemed as a breach of any fiduciary or confidential obligation on the part of the plaintiff.
Accordingly, plaintiff’s motion to dismiss the affirmative defenses and counterclaims is granted and the defendant Rhoda Unger’s motion for an affirmative judgment thereon is denied. Said defenses and counterclaims are wholly without merit.
On the principal question of coverage, however, and the plaintiff’s obligation to pay, or be responsible for, on behalf of its insureds, any sums which they may be legally obligated to pay as damages to the moving defendant as a result of the accident, or to pay any judgment which she may obtain, the court is persuaded by the learned opinion of Mr. Justice Benveuga in Jacobs v. United States Fid. & Guar. Co., decided in the New York County Supreme Court on April 24, 1956 (2 Misc 2d 428). That action was brought on a public liability insurance policy issued by the defendant, an insurance carrier, to two persons doing business as a partnership. The plaintiff in that action suffered injuries on the premises owned by the partnership and instituted an action in negligence against one of the partners, but did not sue the other partner who was her husband. The carrier disclaimed liability on the ground that the policy contained no express provision covering personal injuries to the spouse of a partner. The court held that “while the insurer may be relieved of its obligation ” to the injured plaintiff’s husband, “ it is not relieved of its obligation to ” his partner; that “ inasmuch as the insurer has undertaken separate obligations to each of the insureds, an act or omission of an insured resulting in injury to the wife of such insured relieves the insurer of its obligation to that insured, but not its obligation to the other insureds ” (p. 432).
This court also agrees with Mr. Justice Benveütga’s views that section 167 of the Insurance Law should not be extended by construction beyond the fair import of its terms. He observed (p. 432): “While it provides that the policy should not be deemed to insure against any liability of an ‘ insured ’ for injuries to his spouse, it does not provide that the policy shall not be deemed to cover the liability of an ' insured ’ who is not *959 the spouse of the person injured. If it was the intention of the insurer not to cover such liability, it should have so stated in language so plain and unambiguous that a man of average intelligence who invests in these policies might know and understand their meaning and import. Hence, in case of doubt or ambiguity, such doubt or ambiguity, under the settled rule, should be resolved against the insurer (Hartol Products Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 R Y. 243, 248, supra; Aetna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 770; Manhattan Cas. Co. v. Cholakis, 206 Misc. 287, 289).”
The fact that in the negligence action herein the partnership entity alone was named defendant does not distinguish this case from the Jacobs case (supra) for under section 222-a of the Civil Practice Act a partnership is to be regarded as a legal entity for the purposes of pleading. (Ruzicka v. Rager, 305 N. Y. 191, 196-197.)
It has been held that once a present justiciable controversy is shown to exist, the court should retain jurisdiction of the action for a declaratory judgment and “ should exercise its power to declare the rights and legal relations of the parties whatever they may be ’ ’, even if ‘ ‘ the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights as the plaintiff claims them to be.” (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50-51; Leaning v. Red Spring Land Co., 198 Misc. 151, 160, affd. 277 App. Div. 1050, affd. 302 N. Y. 934.) Accordingly, the plaintiff’s motion for judgment, as prayed for in its complaint, is denied, and summary judgment granted in favor of the defendant Rhoda Unger declaring that under the policy of the plaintiff described in the complaint, it is obligated to pay or be responsible for any sums which the insureds, other than Rhoda Unger’s husband, may be legally obligated to pay as damages to her as the result of the accident on July 9, 1954, or to pay any judgment that may be obtained by her as the result thereof. Since the moving defendant is entitled to summary judgment dismissing the complaint for the relief therein demanded by the plaintiff, it is unnecessary to determine whether she is also entitled to judgment on the pleadings. (Cf. Gracie Square Realty Corp. v. Choice Realty Corp., 305 N. Y. 271, 282.)
Proceed accordingly on two days’ notice.