**TRAVELERS INDEMNITY COMPANY,**
Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS,** Defendant, and Third-Party Plaintiff,

v.

**Cecile B. STAGNER, Vernon S. Stagner, and Minnesota Christian Missionary Society, Third-Party Defendants.**

No. 4–57–Civ–15.

United States District Court
D. Minnesota, Fourth Division.

April 12, 1960.

882

Richards, Janes, Montgomery & Cobb, by Crane Winton, Minneapolis, Minn., for plaintiff.

Meagher, Geer, Markham & Anderson, by O. C. Adamson, II, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 (1952) as amended, and asks us to determine that defendant is primarily liable to an insured who is dually covered by automobile liability policies of both the plaintiff and of the defendant. The defendant answers that it is not liable because of a household exclusion clause in its policy, and has made a third party complaint against the insured for a declaratory judgment to the same effect.

The facts have been agreed upon. Reverend Vernon Stagner was required to do extensive traveling as the Secretary-Director of the Minnesota Christian Missionary Society. Stagner used his own car, but the Society allowed him travel expenses and required him to carry an auto insurance policy covering the Society against any liability it might incur from Stagner's use of the car. Stagner purchased a policy from the defendant and obtained an endorsement to the policy naming the Society as an additional insured. At the same time, the Society carried with the plaintiff, The Travelers Indemnity Company, a policy protecting the Society against liability from the use of any non-owned automobile, but providing that this coverage should be excess insurance over any other valid and collectible insurance.

On September 18, 1954, Reverend Stagner, in the course of his duties for the Society, was driving his car from Minneapolis to Camp Tiki Waken, a religious camp located at Lake Minnetonka. His wife, Cecile, accompanied him as a social guest. Stagner's car collided with the rear end of a car driven by a Mrs. Moses. Mrs. Stagner was seriously injured. She brought action against the Society and Mrs. Moses in the Minnesota District Court. The Society asked Travelers to defend the action brought by Mrs. Stagner, but Travelers, having learned that the Society was an additional insured under Reverend Stagner's State Farm policy, tendered the defense of the action to State Farm. State Farm declined on the basis of the clause in its policy excluding coverage for liability to members of the insured's household.

The Society then impleaded Reverend Stagner as third party defendant on the theory that he should indemnify the Society for any damages it might have to pay as a result of the accident. State Farm also declined to defend Reverend Stagner in this third party claim.

After this suit for declaratory judgment had been initiated, Travelers, the insurer of Moses' car, and Mrs. Stagner, agreed on a $12,000 settlement, $9,000 of which would be paid by the insurer of Moses' car, and $3,000 of which would be paid by Travelers.* State Farm was notified of these facts and asked to assume payment of the $3,000 but it declined, and the settlement was concluded.

Travelers here seeks judgment against State Farm for the $3,000 settlement, plus interest, and attorneys fees.

There is no dispute as to the nature of the Travelers policy protecting the So-ciety. It provides that it shall be excess insurance over any other valid and collectible insurance. The issue is whether the State Farm policy which was issued to Vernon Stagner as the named insured and the Society as an additional insured, and which has a clause excluding coverage for claims by members of the household of the insured, is such valid and collectible insurance covering a claim by Mrs. Stagner against the Society.

The pertinent declarations in the State Farm policy read as follows:

"Policy Period—12:01 A. M., Std. Time of Each
Aug. 14, 1953 to Dec. 5, 1953        Date
Membership  Premium
16.00       29.69

| | | |
|---|---|---|
| Stagner, Vernon S. Rev. 7432 Dupont Ave. So. Mpls, Minn. Hennepin | Coverages as defined in insuring agreements: A, B, C, D, G,—$50 DED | Name and address of insured, Premium and Coverages |
| | Limits of Liability if other than as in condition No. 3: Cov. A. & B. 50-100-5 | |
| | Purpose of Use—Pleasure and Business | Occupation, Exceptions |
| Minister 12-5-46 795-640-F05-23 | Exceptions, and Endorsements: 6028 A Addtl Ins to Board of Trustees of Minn. Christian Missionary Soc. 122 W. Franklin Mpls, Minn. 6028 A Addtl Ins Minn. Christian Missionary Society 122 W. Franklin Mpls, Minn." | |

———◆———

The applicable portion of the insuring agreement provided:

"I. *Coverage A—Bodily Injury Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \* \*

"III. *Definition of Insured.* With respect to the insurance for

---

\* The insurer of Moses' car also paid $1,000 in settlement of Reverend Stagner's claims.

bodily injury liability, for property damage liability and for medical payments the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

"(a) to any person or organization, or to any agent or employee thereof, operating an automobile repair shop, public garage, sales agency, service station or public parking place, with respect to any accident arising out of the operation thereof;

"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

The exclusion section of the policy provided:

*"This policy does not apply*:

\* \* \* \* \* \*

"(e) Under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law; or to the insured or any member of the family of the insured residing in the same household as the insured."

The endorsement to the policy read:

"Additional Insured

"It is hereby agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for property Damage, Liability is extended to cover   Minn Christian Missionary Society  122 W. Franklin Mpls, Minn.   subject to the provisions thereof granting coverage to an insured other than the named insured.

"Nothing herein contained shall be held to alter, vary, waive or extend any of the terms, conditions, agreements, or limitations of the undermentioned policy other than as hereinabove stated.

"Effective Date Aug. 14, 1953, 12:01 A.M. Standard Time.

"Attached to and forming a part of Policy Number 912 626–F05–23 issued by the

State Farm Mutual Automobile Insurance Company, of Bloomington, Illinois,

to Rev. Vernon S. Stagner of Mpls, Minn."

The plaintiff argues that the State Farm policy must be interpreted as two separate policies, one for Vernon Stagner, and one for the Christian Missionary Society. The plaintiff reasons that, although the clause excluding obligations to the family of the insured clearly precludes coverage of any claim by Mrs. Stagner against Mr. Stagner as one insured, the same exclusion clause does not preclude Mrs. Stagner's claim against the Society as the other insured because Mrs. Stagner is not a member of the Society's family.

The defendant replies that the original scope of the coverage is defined in the contract between State Farm and Vernon Stagner, and that the mere endorsement of an additional insured cannot extend coverage to a claim by a person excluded in the contract with the original insured. In other words, Mrs. Stagner is a member of the family of the insured Mr. Stagner for all purposes, and the policy cannot cover any claim by her no matter whom she is suing.

The defendant's position makes good sense to me, especially when it is not apparent that any additional premium was paid for the endorsement of the Society as an additional insured. And the law of Minnesota seems to be in agreement.

Pearson v. Johnson, 1943, 215 Minn. 480, 483, 10 N.W.2d 357. Although not involving an endorsement, the Pearson case concerned itself with the operation of a similar household exclusion clause as it applied to an additional insured under an omnibus clause extending protection to anyone using the automobile with the permission of the named insured. Pearson, the named insured, gave Johnson permission to use his car. Pearson's wife rode with Johnson and was injured. On the claim by Pearson's wife against Johnson, the Court held that Johnson, although an additional insured under the omnibus clause, was not entitled to coverage under the policy because of the clause excluding injuries to members of the insured's family. The reasoning of the Court was clear that the original exclusion referred to the family of the named insured. The addition of another insured through the omnibus clause could not reasonably be viewed as extending the basic coverage under the same policy to damages suffered by the named insured's family.

The reasoning of the Pearson case is directly applicable in the present situation. Cases involving two named insureds, e. g. Farm Bureau Mut. Auto. Ins. Co. v. Smoot, D.C.S.D.W.Va.1950, 95 F.Supp. 600; Travelers Indem. Co. v. Unger, 1956, 4 Misc.2d 955, 158 N.Y.S. 2d 892; Pratt v. Hanover Fire Ins. Co., 1952, 50 R.I. 203, 146 A. 763; are not in point, for the endorsement here uses language expressly making the Society's coverage subject to the provisions of the omnibus clause, and thus impliedly subject to the rule of Pearson v. Johnson:

"It is agreed that such insurance as is afforded by the policy * * * is extended to cover Minnesota Christian Missionary Society * * * *subject to the provisions thereof granting coverage to an insured other than the named insured.*" [Emphasis added.]

I see none of the ambiguity claimed by the plaintiff in this terminology.

The Court will sign appropriate findings for the defendant.