Charles J. Vallone, J.
This is a motion by the plaintiff for summary judgment pursuant to rule 113 of the Rules of Civil Practice. The pertinent facts are not in dispute and the question to be determined is one of law. Concisely stated, the pertinent facts are as follows: The plaintiff’s spouse, while a passenger in her husband’s vehicle, suffered injuries and brought an action against her husband to recover damages. The husband, in his moving affidavit, page 4, states: ‘ ‘ Plaintiff concedes that Grace Crilley has at all times been his spouse ”. At the time of the accident, the husband was the named insured in a *372 policy of insurance previously issued by this defendant and in effect at the time. The insurance carrier refused to assume any liability under the policy, or defend the action, or pay any part of the judgment subsequently obtained by the spouse “ upon the ground that Grace Crilley was the spouse of Daniel Crilley [plaintiff herein] and therefore Daniel Crilley had no coverage under the policy for injuries to her,” as stated in the affidavit in opposition (matter in brackets supplied). Defendant concedes spouses were legally separated and that the wife did not reside in named insured’s household.
Upon the refusal of the insurance carrier to defend, the husband retained his own counsel, and this action is brought to recover the legal expense incurred by him. The answer sets up as an affirmative defense subdivision 3 of section 167 of the Insurance Law.
The spouse’s action against her husband resulted in a judgment in her favor and she thereupon brought an action against this insurance carrier to collect the same. A motion for summary judgment was granted the plaintiff and the decision thereon made a part of these moving papers. On the argument of the motion now before the court it was stated that an appeal is pending from the order granting summary judgment. No claim is made herein that the judgment in the spouse’s ease against the insurance carrier is res judicata in this suit.
It is clear that section 167 of the Insurance Law will bar any recovery herein unless the class definition of “ spouse ” in the policy is held to be applicable to “ spouse ” in that section and serves to create insurance liability. Insurance Law (§ 167, subd. 3) so far as pertinent, provides: “ No policy or contract shall be deemed to insure against any liability of an insured because of * * * injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy.”
In the case of Employers’ Liab. Assur. Corp. v. Aresty (11 A D 2d 331, 334), the court stated: ££ While the language of the subdivision of the statute was not set forth, it is automatically a mandatory part of every motor vehicle liability policy issued in New York. (Globe Ind. Co. v. Anastasio, 5 Misc 2d 238; New Amsterdam Cas. Co. v. Stecker, 1 A D 2d 629, affd. 3 N Y 2d 1.) ” (Matter in italics supplied.)
In the policy herein, under “ X Definitions ” subdivision 8, we find a definition of “ spouse ” as follows: “ ‘ Spouse ’ means the spouse of the named insured if resident of the same household.” The defendant would have the court find that ‘£ spouse ’ ’ *373 means “ spouse of the named insured if a resident of the same household ” wherever the word “ spouse ” is used in the various parts of the policy except in the mandatory inclusion in the policy of subdivision 3 of section 167 of the Insurance Law.
It is helpful in determining the issue of law herein to look into the background of the statute. The case of Jacobs v. United States Fid. & Guar. Co. (2 Misc 2d 428) is one of a number of cases which clearly point this out. At page 430, the court found: “ At common law, and in the absence of statute, one spouse could not maintain an action against another for personal injuries sustained through the negligence of the other (Schubert v. Schubert Wagon Co., 249 N. Y. 253, 255). In 1937, the Legislature amended section 57 of the Domestic Relations Law, so as to give him a right of action. * * * When the Legislature in 1937 amended section 57 of the Domestic Relations Law (supra), it also amended section 167 (formerly § 109) of the Insurance Law (supra).” At page 431: “Clearly, the intent of the Legislature amending the law was twofold: (1) to permit one spouse to maintain an action for negligence against the other; and (2) to protect insurance carriers against collusive actions between husband and wife (Fuchs v. London & Lancaster Ind. Co., 258 App. Div. 603, 605 * * * Standard Acc. Ins. Co. v. Newman, 47 N. Y. S. 2d 804, 808-809, * * * affd. 268 App. Div. 967, motion for leave to appeal denied 268 App. Div. 1039; Katz v. Wessel, 207 Misc. 456, 458, 460; Feinman v. Rice Sons, 2 Misc 2d 86).”
The statute having been enacted for the benefit of the insurance carrier, it was free to define “ spouse ” in the policy as “ spouse, meaning the spouse of the named insured if a resident of the same household. ’ ’ If the defendant intended its definition of “ spouse ” to refer to every mention of the word in the policy except the statutory provision, it should have so stated in plain language. The court finds that the definition of “ spouse ” in the entire policy to be spouse of the named insured if a resident of the same household. (Emphasis mine.) In any event, as stated in Jacobs (supra, p. 432): “ Hence, in case of doubt or ambiguity, such doubt or ambiguity, under the settled rule, should be resolved against the insurer (Hartol Products Corp. v. Prudential Ins. Co., 290 N. Y. 44, 50; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243 * * * AEtna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 770; Manhattan Cas. Co. v. Cholakis, 206 Misc. 287, 289).”
It is to be noted that while this court agrees with the learned holding on the motion for summary judgment in the spouse’s *374 action aforesaid, this court is not in agreement with it in its entirety.
In view of the foregoing, the motion for summary judgment is granted, and the matter will be set down for assessment of damages on a date to be entered in the order to be settled herein.