Vincent A. Lupiano, J.
Plaintiff moves pursuant to rule 3212 of the Civil Practice Law and Rules for summary judgment; defendant also moves for the same relief.
Defendant has asserted a counterclaim, and each party seeks a declaratory judgment with respect to its rights and relations under the subject policy. The facts are not disputed.
A standard automobile liability policy was issued by the defendant General Accident Fire and Life Assurance Corporation to Buxbaum Linens, Inc. With the latter’s permission the insured vehicle was operated by the plaintiff William Barson. While he was operating the vehicle his wife, a passenger, was severely injured. She thereupon instituted an action against the named insured (Buxbaum) alleging negligence on the part of her husband, the plaintiff herein. The defendant undertook the defense in that action and interposed an answer on behalf of the named insured.
Under the policy the plaintiff here became an additional insured. Thus the main action (negligence action) is by the spouse against a third party and not between the additional insured and her spouse. Subsequent to the joinder of issue therein, the named insured, as defendant, refused, upon the request of the insurer, to verify a third-party complaint against the plaintiff wherein the insurance company sought to implead the plaintiff her;e as a party defendant. Consequently he was not brought in. j Thereupon, defendant offered to vouch in the plaintiff, and, upon plaintiff’s refusal, asserted its right of *383 subrogation to the rights of the named insured against the plaintiff in the event the spouse recovered judgment against it. Plaintiff did refuse to take over the defense of the main action, and commenced this action.
The pertinent policy provisions are as follows:
“ The unqualified word ‘ insured ’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * #
“In the event of any payment under this policy, the company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.”
The pertinent statute (Insurance Law, § 167, subd. 3) is as follows: “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy.”
Preliminarily, defendant urges that plaintiff’s action is premature and seeks judicial advice only. Plaintiff seeks the declaration that he is not required to defend the main action or to indemnify the named insured against any judgment that may be recovered against it by his wife and that defendant has no right of subrogation to the rights of the named insured. On the other hand, the defendant requests a determination that the policy does not afford coverage to plaintiff against liability for the injuries sustained by his wife and consequently the right of subrogation granted to the defendant under the policy is enforcible against the plaintiff. Thus, both parties seek a declaration as to the right of subrogation, and no distinction is to be drawn between a claim or disclaimer of such right and a claim of noncoverage. In any event, since defendant has counterclaimed, the court is enabled to construe the policy, apply it to the facts, and declare the rights and relations accordingly. Indeed, defendant asserts that the question whether plaintiff is insured requires determination for the reason that while the policy contains the standard subrogation provision, plaintiff claims and requests a determination that the provision is ineffective as to him and that defendant would not have an enforcible right of subrogation to the rights of recovery of the named insured, the defendant in the main action.
*384 It is not disputed that the policy is divisible and the named assured and the additional assured are to be considered as separately insured by separate policies (Morgan v. Greater New York Taxpayers Mut. Ins. Assn., 305 N. Y. 243; Catania v. Hartford Ace. & Ind. Co., 4 A D 2d 440; Manhattan Cas. Co. v. Cholakis, 206 Misc. 287, affd. 284 App. Div. 1041). I conclude that since the plaintiff is separately insured, he may not be deprived of the policy benefits with respect to any liability adjudged in an action by his spouse against a third party. Section 167 of the Insurance Law applies only in actions brought by a spouse against the insured spouse where such coverage is not expressly provided. The law is well settled that denial of coverage to the insured where his spouse sues a third party, must be expressly provided in the policy, and, absent such provision, the right of subrogation does not arise (Catania v. Hartford Ace. & Ind. Co., supra; Morgan v. Greater New York Taxpayers Mut. Ins. Assn., supra; Manhattan Cas. Co. v. Cholakis, supra; Jacobs v. United States Fid. S Guar. Co., 2 Misc 2d 428). In Jacobs, the insured were two brothers. The spouse of one of them sued the other brother, who, in this situation, may be likened to the named insured here. The insurer disclaimed liability under section 167 of the Insurance Law. The court there held, at pages 431-432:
4 4 The term 4 insured ’ as defined by the policy includes the 4 named insured ’ (that is, 4 Tivoli French Shoppe, Dave Jacobs and Max Jacobs D/B/A ’), and 4 also any partner, executive officer, director or stockholder while acting within the scope of his duties as such ’. * * * It seems to me that the definition would be meaningless unless the insurer intended thereby to undertake 4 separate and distinct obligations ’ not only as to Tivoli Shoppe, but also as to each and every one of the partners. Consequently, while the insurer may be relieved of its obligation to Max Jacobs (the plaintiff’s husband) it is not relieved of its obligation to Dave Jacobs [defendant herein]. To paraphrase the language of the court in Morgan v. Greater N. Y. Taxpayers Mut. Assn. (305 N. Y. 243, 249), inasmuch as the insurer has undertaken separate obligations to each of the insureds, an act or omission of an insured resulting in injury to the wife of such insured relieves the insurer of its obligations to that insured, but not its obligation to the other insureds.
44 Moreover, section 167 should not be extended by construction beyond the fair import of its terms. While it provides that the policy should not be deemed to insure against any *385 liability of an ‘ insured ’ for injuries to bis spouse, it does not provide that the policy shall not be deemed to cover the liability of an ‘ insured ’ who is not the spouse of the person injured. If it was the intention of the insurer not to cover such liability, it should have so stated in language so plain and unambiguous that a man of average intelligence who invests in these policies might know and understand their meaning and import. Hence, in case of doubt or ambiguity, such doubt or ambiguity, under the settled rule, should be resolved against the insurer ’ ’. Thus, in an action brought by the spouse against a third party, a named insured, the insurer’s liability to the named insured cannot be used as basis for subrogation with respect to another and additional insured, not a party to the spouse’s action. The statute does not cover such situation, nor did the policy. Each party is entitled to a declaration of rights under their respective pleading, regardless what the declarations may be, and the motions are disposed of accordingly. Order and judgment will be settled in consonance herewith.