Charles R. Thom, J.
This is a motion by plaintiff seeking a determination declaring subdivision 3 of section 167 of the Insurance Law of the State of New York unconstitutional.
The facts alleged by plaintiff are as. follows. On August 16, 1972 plaintiff, Anna B. Dunbar, was the wife of Robert J. Dunbar, deceased, and was a passenger in a motor vehicle owned and operated by Robert J. Dunbar. On that date, the motor vehicle was involved in ah accident, not involving any other vehicles, wherein while proceeding northbound on the New York State Thruwáy in Greene County, New York, the motor vehicle owned and operated by Robert J. Dunbar, in which plaintiff was a passenger, left the highway and fell down an embankment in excess of 350 feet. As a result of the incident, Robert J. Dunbar was killed and plaintiff, Anna B." Dunbar, sustained personal injuries.
Thereafter, on February 20,1973, plaintiff was duly appointed executrix of the estate of Robert. J. Dtinbar, deceased, and on July 3, 1974, the instant action for personal injuries vas commenced by Anna B. Dunbar against the estate of Robert J. Dunbar, .deceased. By letter dated August 1, 1974, the Traveler’s Insurance Company, which had issued a policy of liability insurance in the name of Robert J. Dunbar and covering the subject motor vehicle, returned the summons and complaint to plaintiff’s attorneys,, and advised them that there was “ no coverage for inter-spousal suits under the insured’s automobile policy ”, relying upon subdivision 3 of section 167 of the Insurance Law. Plaintiff does- not contend that the policy contained any provision for spouse coverage.
*746 Plaintiff has brought on the motion before the court in the-action for personal injury, rather than by way of a declaratory judgment action against- the Traveler’s Insurance Company. However, the Traveler’s Insurance Company has submitted in opposition to the within motion, and all necessary parties are before the court. The facts are not in dispute and the only issue before the court is the constitutionality of subdivision 3 of section 167 of the Insurance Law. Therefore., the court will treat this motion as one for summary judgment for a declaratory judgment.
The common law did not recognize a cause of action by a wife against her husband for the wife’s personal injuries. (Mertz v. Mertz, 271 N. Y. 466.) In 1937, this disability was removed by the Legislature of the State of New York by the enactment of section 57 of the Domestic Relations Law, now section 3-313 of the General Obligations Law. At the same time, the Legislature enacted subdivision 3-a of section 109 of the Insurance Law, now subdivision 3 of section 167 of the Insurance Law, which provides that: “No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. ’ ’
The Legislature, in enacting the foregoing provisions, clearly intended on the one hand to permit one spouse to be able to maintain an action for damages for personal injuries against the other spouse for the tortious conduct of the latter, and, on the other hand, to protect insurance carriers from the possibility of fraud and collusive actions by husband and wife. In Fuchs v. London & Lancashire Ind. Co. (258 App. Div. 603, 605), the Appellate Division, Second Department, stated: “ These simultaneous enactments disclose a considered legislative intent to create a right of action theretofore denied, and at the same time to protect insurance carriers against loss through collusive actions between husband and wife.”
The Court of Appeals in New Amsterdam Cas. Co. v. Stecker (3 N Y 2d 1, 5-6), in construing the language of subdivision 3 of section 167 of the Insurance Law stated: “ The language employed by the Legislature is clear, succinct and unequivocal. ‘ Certainly, there is no ambiguity in the word “ no ”. It is as complete a negative as it is possible to express, and similarly the word “ any ” is as inclusive as any other word in the English language. ’ [Citation omitted.] This court as *747 declared on numerous occasions that where the language of a statute is without ambiguity, and the meaning unequivocal, there is no necessity for resort to rules of construction. [Citations omitted.] As was long ago stated in McCluskey v. Cromwell (11 N. Y. 593, 601) A It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. ’ ”
The court, in determining the intent of the Legislature in the enactment of subdivision 3 of section 167 of the Insurance Law, stated in New Amsterdam Cas. Co. v. Stecker (supra, pp. 7-8): “ The manifest purpose of subdivision 3 of Section 167 was to protect insurance carriers from collusive action between spouses arising out of automobile accidents * * * It is that possibility which the statute was intended to guard against, and the language of subdivision 3 of Section 167 if literally applied will accomplish that result.”
On December 20, 1974, the Court of Appeals made a further determination with respect to subdivision 3 of section 167 of the Insurance Law in State Farm, Mut. Ins. Co. v. Westlake (35 N Y 2d 587), in which the court held that even in an indirect lawsuit involving spouses in a situation of apportionment among joint or concurrent tort-feasors under Dole v. Dow Chem. Co. (30 N Y 2d 143), an insurance carrier is not obligated to defend or indemnify. The court stated (pp. 592-593):
“ To hold State Farm liable here would be, in effect, to rewrite the contract of the parties. It would absolve West-lake from the obligation to pay the necessary premium for the added coverage and expose State Farm to a risk not contemplated by the parties and for which it is not compensated. The statute does not exclude spouse coverage. It merely requires that there be an express provision unrelating thereto. The rate charged would bear a reasonable relation to or be commensurate with the risk assumed. (See Insurance Law, §§ 180,183.)
The contention that Dole v. Dow Chem. Co. (30 N Y 2d 143, supra) permits this action so as to obligate State Farm to defend or indemnify must be rejected. Dole v. Dow Chem. Co. merely permits apportionment among joint or concurrent tdrt-feasors. It cannot serve to override the plain language of the statute and to create a contract different from that made by the parties in conformity with the statute. The present case involves a matter of an insurance contract and the rights and obligations of the parties thereunder. While certain statutory provisions are deemed to be included in a contract of *748 insurance whether or not expressly set forth (Insurance Law, § 143), that presumption will not serve to create a liability in direct contradiction to the express language of the same statute.”
One of the arguments advanced by plaintiff is that the element of collusion is absent in the instant case, since the alleged negligent spouse is deceased. However, the Court of Appeals in State Farm Mut. Ins. v. Westlake (supra, p. 592) stated; * ‘ ‘ Subdivision 3 of section 167 was designed to prevent collusion and fraud. ’ (Employers Liab. Assur. Corp. v. Aresty, 11 A D 2d 331, 335, affd. 11 N Y 2d 696). The absence of fraud 'or the possibility of fraud is not sufficient to negate the plain intendment of the statutory exclusion provision. 1 Before the right of coverage upon which a suit might be predicated could exist, it was requisite that such coverage be declared in specific language. ’ (p. 335).” (Emphasis supplied.)
Plaintiff claims that subdivision 3 of section 167 of the Insurance Law is unconstitutional on the grounds that it violates the equal protection guarantees of both the Federal and State Constitutions. However, in order to establish that a State statute results in a denial of equal protection, it must be shown that there is present an element of intentional or purposeful discrimination in the application of that statute. (Matter of Di Maggio v. Brown, 19 N Y 2d 283.) Plaintiff has failed to sustain that burden. Furthermore, a court of nisi prius may not declare a statute unconstitutional unless its unconstitutionality is patent, for a strong presumption of validity attaches to a statute and the invalidity thereof must be established beyond a reasonable doubt. (Fenster v. Leary, 20 N Y 2d 309, 314.) Again, plaintiff has failed to sustain that burden.
In view of the foregoing, plaintiff’s motion to declare subdivision 3 of section 167 of the Insurance Law unconstitutional is denied, and the court finds that the foregoing statute is constitutional. (Lanza v. Wagner, 11 N Y 2d 317.)
Plaintiff is directed to serve a copy of this decision together with a copy of the judgment to be entered hereon, upon the Attorney-General of the State of New York. (Executive Law, §71.)