OPINION OF THE COURT
Joan B. Lefkowitz, J.
The novel issue presented is whether section 3420 (g) of the *733 Insurance Law limits a suit against the statutorily vicariously liable owner of a motor vehicle (Vehicle and Traffic Law § 388 [1]), where the action is predicated upon alleged spousal negligence but the defendant owner of the vehicle is not a spouse. Stated differently, may a vicariously liable absentee owner of a motor vehicle be exonerated from liability upon the abrogated common-law principle of interspousal immunity? The court answers the question in the negative.
Defendant loaned an automobile to his employee for business and personal use. On the day of the incident, the automobile was being used for personal pleasure. The driver was plaintiffs spouse and through his alleged negligence the plaintiff was injured in a single car accident.
Subdivision (g) of section 3420 of the Insurance Law (formerly Insurance Law § 109 [3-a], then § 167 [3]) provides: "(g) No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.” (See also, Vehicle and Traffic Law § 388 [4].)
The predecessor statute was amended in 1937 when the State Legislature abrogated the common-law prohibition against interspousal suits and added the first sentence above, and its principal purpose was to avoid collusive spousal actions against insurance carriers. (Jacobs v United States Fid. & Guar. Co., 2 Misc 2d 428, 430-431 [Sup Ct, NY County 1956].) The first sentence of the quoted section of the Insurance Law requires that if an automobile insurance policy does not contain a provision insuring spousal negligence, the courts will hold that an insurer is not obligated to defend or indemnify the sued spouse. (State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587 [1974]; Suba v State Farm Fire & Cas. Co., 114 AD2d 280 [4th Dept 1986], appeal dismissed 68 NY2d 665 [1986].) The instant insurance policy contains no such provision.
It has been held that the predecessor version of section 3420 (g) is not to be construed to create new liability or beyond the import of its terms. (New Amsterdam Cas. Co. v Stecker, 3 NY2d 1 [1957]; Jacobs v United States Fid. & Guar. Co., 2 Misc 2d 428, supra; see, Dunbar v Dunbar, 80 Misc 2d 744 [Sup Ct, Suffolk County 1975].)
*734 At bar, defendant argues by way of analogy to certain decisions that his liability should be limited to that of the negligent husband and requests summary judgment dismissing the complaint. As pointed out by plaintiffs, in the cases relied on (Naso v Lafata, 4 NY2d 585 [1958]; Rauch v Jones, 4 NY2d 592 [1958]; Sikora v Keillor, 17 AD2d 6 [2d Dept 1962], affd 13 NY2d 610 [1963]) the negligent driver was immune from suit. (See, Ulysse v Nelsk Taxi, 135 AD2d 528 [2d Dept 1987], lv denied 73 NY2d 702 [1988].) That is not the situation here as the negligent driver (though a spouse) can be sued (General Obligations Law § 3-313), albeit that insurance coverage might not exist in a direct action against him by his wife. However, it is noteworthy that in 1976 section 167 of the Insurance Law was amended to add the second sentence, previously quoted, to exclude from the noncoverage situation the case where the negligent spouse was impleaded by another for apportionment of liability. (Mandels v Liberty Mut. Ins. Co., 45 NY2d 455 [1978].)
The true battle is yet to be fought. The real party in interest on the defense side is the insurance company. (Gelbman v Gelbman, 23 NY2d 434 [1969].) Whether insurance coverage exists in this case should be decided in a plenary action for declaratory judgment.
At bar, the negligent spouse is not immune from suit either directly or by way of impleader. The defendant owner is in no better position. Accordingly, the motion for summary judgment is denied. (Schubert v Schubert Wagon Co., 249 NY 253 [1928] [employer liable to employee’s spouse where employee-spouse negligent in operation of motor vehicle].)